**Richard J. SCHOOFS, Plaintiff,**

v.

**UNION CARBIDE CORPORATION, and Mercer Industries, Inc., a corporation, Defendants.**

**No. CIV. S–84–1550 RAR.**

United States District Court,
E.D. California.

Dec. 23, 1985.

Pillsbury, Madison & Sutro, Townsend & Townsend, John W. Schlicher, Steuart St. Tower, San Francisco, Cal., for plaintiff.

Robert L. Baechtold, Nicholas N. Kallas, Fitzpatrick, Cella, Harper & Scinto, New York City, Robert D. Raven, Penelope A. Preovolos, Morrison & Foerster, San Francisco, Cal., for defendants.

## ORDER

RAMIREZ, District Judge.

On November 19, 1985, plaintiff, RICHARD J. SCHOOFS, filed a motion together with supporting points and authorities seeking reconsideration of this court's order of dismissal of defendant, MERCER

INDUSTRIES, INC., for improper venue pursuant to F.R.Civ.P. 12(b)(3). Said motion is based on the recent decision of *In re Cordis Corp.,* 769 F.2d 733 (Fed.Cir.1985) and F.R.Civ.P. 54(b). On December 5, 1985, defendant, MERCER INDUSTRIES, INC., filed an opposition memorandum. Thereafter on December 11, 1985, plaintiff filed a reply brief. The respective parties requested that no oral argument be presented on the matter and, accordingly, this court will order the matter submitted on the moving papers. E.D.Cal.L.R. 230(h).

Plaintiff contends the following language from the *Cordis* decision warrants this court to reconsider its previous ruling and set aside the dismissal.

> [I]n determining whether a corporate defendant has a regular and established place of business in a district, the appropriate inquiry is whether the corporate defendant does its business in that district *through a permanent and continuous presence there and not as Cordis argues, whether it has a fixed physical presence in the sense of a formal office or store.*

(emphasis added) 769 F.2d at 737. Plaintiff argues the evidence previously submitted conclusively establishes that Mercer Industries, Inc., does its business in this district through a "permanent and continuous presence" and that a permanent physical facility is not needed to satisfy the patent infringement venue statute.

In opposition, defendant maintains that plaintiff bases his contention on a single sentence taken from the *Cordis* decision, without regard to the facts of the decision nor the express language of the patent venue statute. 28 U.S.C. § 1400(b) provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

A comparison of *Cordis* with the instant litigation makes it clear to this court that the *Cordis* decision does not read "regular and established place of business" out of the patent infringement statute but is factually distinguishable.

In *Cordis,* a Minnesota corporation sued a Florida corporation for patent infringement of implantable heart pacers. Cordis filed a motion to dismiss pursuant to F.R. Civ.P. 12(b)(3) alleging it did not have a "regular and established place of business" in Minnesota. The district court denied Cordis' motion finding venue was proper in Minnesota.

On a petition for writ of mandamus to the Federal Circuit, the Court of Appeals denied Cordis' petition based on the following facts: (1) Cordis employed two full-time sales representatives each based in Minnesota; (2) the representatives were paid a salary plus commission, worked exclusively for Cordis, were supplied with a company owned car, and maintained offices in their homes where they stored Cordis literature, documents, and approximately $30,000.00 and $60,000.00 worth of pacemakers; (3) the representatives completed paperwork and did administrative tasks in their homes and claimed income tax deductions for these offices; (4) Cordis engaged a Minnesota secretarial service to receive messages and to provide typing, mailing, and receiving; (5) the representative business cards listed the telephone number of the secretarial service, phone calls to the number were answered "Cordis Corporation," and the Minnesota telephone directory included Cordis' names and telephone number and the address of the secretarial service as Cordis' address; (6) Cordis is not registered to do business in Minnesota and does not have a bank account and it neither owns nor leases property in the state; (7) pacemakers may be ordered directly from the Florida office or placed with a Minnesota sales representative; and (8) the representatives act as technician consultants and are present in the operating room during a significant number of surgical implantations of pacemakers, provide post-implantation consultations, and give presentations regarding technological developments. From these facts the court con-

**6**

cluded the plaintiff had a "regular and established place of business."

Dissimilarly, defendant, MERCER INDUSTRIES, INC., employs only one full-time salesperson, Mr. Strowbridge, in the Eastern District. Strowbridge calls upon 6 to 8 prospective customers a day, is provided with a company car without a logo, maintains no office in his home, and employs no secretarial help. Strowbridge's business cards list the company address in Portland, Oregon and a "toll-free 800" number. All sales solicited by Strowbridge are subject to approval and acceptance in the Oregon office and all windows are shipped directly to the customer from the Oregon factory. Strowbridge does not maintain an inventory of windows for sale, albeit on two occasions he temporarily held a few dealer sample windows in his garage. On occasion Strowbridge does minor repairs on·windows, e.g., tightening screws and replacing broken latches.

The totality of the activities performed by Strowbridge in this court's view neither are factually similar to the activities performed by the Cordis' salespersons nor comport with the vigorous requirements mandated by the patent infringement venue statute, 28 U.S.C. § 1400(b). Simply put, Mercer Industries, Inc. does not have, maintain, or control a "regular and established place of business" in the Eastern District. For the foregoing reasons, and good cause appearing therefor,

IT IS HEREBY ORDERED that plaintiff's motion to reconsider this court's previous dismissal under F.R.Civ.P. 12(b)(3) of defendant, MERCER INDUSTRIES, INC., be DENIED;

IT IS FURTHER ORDERED that respective counsel are ordered to appear *personally* in the Chambers of the undersigned Judge on January 31, 1986, at 10:30 a.m. for a Status Conference. Counsel are admonished to file on or before seven (7) days prior to the conference, status reports which comply with E.D.Cal.L.R. 240.

IT IS SO ORDERED.