935 F.2d 279
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re TRAVELER'S CLUB LUGGAGE, INC., Petitioner.
 Misc. No. 304.
 United States Court of Appeals, Federal Circuit.
 April 29, 1991.
 
 Before NIES, Chief Judge, and RICH and MAYER, Circuit Judges.
 ON PETITION FOR WRIT OF MANDAMUS
 ORDER
 RICH, Circuit Judge.
 
 
 1
 Traveler's Club Luggage, Inc. petitions for writ of mandamus to direct the United States District Court for the District of Utah to dismiss Ogio International, Inc.'s complaint for lack of personal jurisdiction. Ogio opposes the petition.
 
 
 2
 Ogio holds two patents for certain luggage pieces. Traveler's is a California corporation that sells luggage products primarily through trade shows. Traveler's entered into a sales contract in California with a Utah department store at a trade show. Ogio learned that the bags manufactured by Traveler's were being offered for sale at eight different branches of the Utah department store.
 
 
 3
 Ogio brought a patent infringement suit against Traveler's in the Utah district court. Traveler's moved to dismiss for lack of personal jurisdiction and improper venue.* The district court denied the motions using a two-part analysis to determine personal jurisdiction. First, it determined that there was statutory authority for personal jurisdiction relying on the Utah long-arm statute that authorizes personal jurisdiction over a party that causes a tortious injury. Second, the district court determined that the constitutional requirement of sufficient "minimum contacts" was met in that Traveler's contracted with a Utah company engaged in retail sales in Utah and shipped the products into Utah for resale and use in Utah.
 
 
 4
 In its petition, Traveler's argues merely that the district court erred as a matter of law; Traveler's does not address the issue of whether mandamus is appropriate under these circumstances. However, it is Traveler's burden to justify issuance of a writ. Traveler's must show that there are exceptional circumstances amounting to a judicial usurpation of power and that its right to issuance of the writ is clear and indisputable. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271 (1988).
 
 
 5
 In Re Cordis, 769 F.2d 733 (Fed.Cir.), cert. denied, 474 U.S. 851 (1985) is instructive. In that case, the meaning of the phrase "regular and established place of business" in the patent venue statute was at issue. A district court refused to dismiss for improper venue. Cordis petitioned for writ of mandamus. We stated:
 
 
 6
 As noted by our predecessor court the remedy of mandamus is "strong medicine" to be reserved for the most serious and critical ills, and if a rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus, even though on normal appeal, a court might find reversible error.
 
 
 7
 Cordis, 769 F.2d at 737. Here, a rational and substantial legal argument can be made in support of the district court's order. See Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985). Thus, Traveler's has not shown that its right to a writ is clear and indisputable. Moreover, Traveler's has not made any showing that the requisite "exceptional circumstances" amounting to a judicial usurpation of power exist to justify issuance of the writ.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 Traveler's petition is denied.
 
 
 
 *
 The issue of where a defendant "resides" for purposes of the patent venue statute, 28 U.S.C. Sec. 1400(b), relates to whether a defendant is subject to personal jurisdiction. VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574 (Fed.Cir.1990). The parties apparently agree that if there is personal jurisdiction, then venue is also proper