954 F.2d 732
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re VISKASE CORPORATION, Petitioner.
 Misc. No. 314.
 United States Court of Appeals, Federal Circuit.
 Nov. 1, 1991.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 Viskase Corporation (Viskase) petitions for writ of mandamus to direct the United States District Court for the Eastern District of Michigan to modify its September 12, 1991 order directing Viskase to produce certain documents and overruling Viskase's objection to the deposition testimony of John H. Beckman. Brechteen Company (Brechteen) and Teepak, Inc. (Teepak) oppose the petition. Viskase moves for leave to file a reply, with reply attached. Teepak and Brechteen oppose the motion for leave.
 
 
 2
 This matter stems from Viskase's patent infringement suits against Brechteen and Teepak. During the course of the Brechteen suit, Brechteen moved to compel production of certain documents that Viskase alleged were privileged. Pursuant to the district court's order, the magistrate reviewed the documents in camera. Some were deemed protected while others were ordered produced. Of the latter group, Viskase seeks to stop production of thirteen documents. Viskase also seeks to direct in camera review of the deposition testimony of Beckman, a former employee of Viskase, to determine if his testimony is protected under the attorney-client privilege.
 
 
 3
 The remedy of mandamus is a drastic one limited to exceptional circumstances. In re Cordis Corp., 769 F.2d 733, 736 (Fed.Cir.), cert. denied 474 U.S. 851 (1985). One seeking a writ has the burden of showing that it has no other adequate means to attain the relief it desires and that its right to issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Where a matter is committed to a district court's discretion, it cannot be said that a litigant's right to a particular result is "clear and indisputable." Id. Under Sixth Circuit precedent, "the scope of discovery is a matter committed to the district court's sound discretion, and district court rulings on discovery matters are subject to reversal only for abuse of that discretion." Theunissen v. Matthews, 935 F.2d 1454, 1465 (6th Cir.1991).
 
 
 4
 Viskase argues that "it is clear from the face of the documents" that they are privileged and the district court abused its discretion in ordering them produced. However, as stated in Allied Chemical, a litigant's right to a particular result is not clear and indisputable where the matter is committed to the district court's discretion.* Allied Chemical, 449 U.S. at 36. Accordingly, we decline to grant review by mandamus on this matter.
 
 
 5
 With respect to Beckman's deposition testimony, Viskase argues that Sixth Circuit precedent, In re Antitrust Grand Jury, 805 F.2d 155 (6th Cir.1986), mandates that the testimony be reviewed in camera. Assuming In re Antitrust Grand Jury applies, in any event, the Supreme Court has held that once a prima facie case of fraud has been made, "the decision whether to engage in in camera review rests in the sound discretion of the district court." United States v. Zolin, 491 U.S. 554, 572 (1989). Hence, we decline to grant review by mandamus on this matter.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) Viskase's petition for writ of mandamus is denied.
 
 
 8
 (2) Viskase's motion for leave to file a reply brief is granted.
 
 
 
 *
 In ruling that the documents should be produced and that the deposition of Beckman should continue, the district court relied on the magistrate's determination that:
 Brechteen has proven a sufficient prima facie case that fraud has been committed by Plaintiff Viskase by the [intentional] destruction of pertinent documents ... and by making threats against [Beckman] to warrant grant of Brechteen's discovery motions.