960 F.2d 154
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re SGS-THOMSON MICROELECTRONICS, INC., Petitioner.
 No. 318.
 United States Court of Appeals, Federal Circuit.
 Feb. 11, 1992.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 SGS-Thomson Microelectronics Inc. (SGS) petitions for a writ of mandamus to direct the United States District Court for the Northern District of Texas to vacate its November 12, 1991 order transferring SGS's infringement action to the Central District of California due to improper venue and lack of personal jurisdiction over the defendant, International Rectifier Corporation (IR). IR opposes. SGS moves for leave to file a reply.
 
 
 2
 This matter stems from SGS's patent infringement action against IR in the Northern District of Texas. SGS alleged that IR infringed the claims of SGS's process patent by making devices in accordance with the claimed process and by selling devices made by that process in the Northern District of Texas and elsewhere.
 
 
 3
 Pursuant to IR's motion, the district court transferred the action pursuant to 28 U.S.C. § 1406(a) to the Central District of California, where IR's principal place of business is located. On reconsideration, the district court issued a revised memorandum and order. The revised memorandum and order is the subject of SGS's petition.
 
 
 4
 In the revised memorandum and order, the district court concluded, inter alia, that the constitutional requirement of sufficient "minimum contacts" for "specific" personal jurisdiction was not met. First, the district court determined specific jurisdiction did not exist over IR because SGS's "cause of action does not relate to defendant's contact with the forum." The district court stated:
 
 
 5
 This controversy arises out of the alleged use by defendant of plaintiff's patented process. Plaintiff does not dispute that defendant's manufacturing facilities are located in the Central District of California and that defendant has no manufacturing facilities in Texas.
 
 
 6
 Second, the district court determined that sales by IR were completed in California not Texas.[1]
 
 
 7
 SGS argues that the district court erred in its analysis of specific jurisdiction because it focused solely on "where the infringer is manufacturing products using the process." SGS contends that its cause of action under § 271(g)[2] required the district court to consider sales of the product in Texas made by the patented process in its analysis of specific personal jurisdiction.
 
 
 8
 In response, IR points out that the district court determined that the sales by IR took place in California not Texas. Therefore, IR argues, the district court's decision to transfer was correct because in the absence of sales in the forum, SGS lacks sufficient contacts with the district for the court to exercise personal jurisdiction.
 
 
 9
 We are not persuaded that interlocutory review by mandamus is appropriate in this case. In In re Cordis Corp., 769 F.2d 733 (Fed.Cir.1985), this court refused to grant a petition for writ of mandamus in a similar situation involving venue. We stated:
 
 
 10
 the remedy of mandamus is "strong medicine" to be reserved for the most serious and critical ills, and if a rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus, even though on normal appeal, a court might find reversible error.
 
 
 11
 Cordis, 769 F.2d at 737. The district court here presented two bases for its decision to transfer the action because of improper venue. We are not prepared to say that no rational or substantial legal argument can be made to support its ruling.
 
 
 12
 Moreover, it is SGS's burden to justify issuance of a writ. SGS must show that there are exceptional circumstances amounting to a judicial usurpation of power and that its right to issuance of a writ is clear and indisputable. Gulfstream Aerospace Corp v. Mayacamas Corp., 485 U.S. 271, 289 (1988); In re United States, 877 F.2d 1568, 1571 (Fed.Cir.1989). Admittedly the question of whether venue could lie in Texas is not without difficulty. On balance, however, SGS has not satisfied the required stringent standard for mandamus.
 
 
 13
 Accordingly,
 
 IT IS ORDERED THAT:
 
 14
 (1) SGS's motion for leave to file a reply is granted.
 
 
 15
 (2) SGS's petition for writ of mandamus is denied.
 
 
 
 [1]
 The district court found that "[a]ll sales contracts are subject to written acceptance by defendant at its offices in El Segundo, California, and all sales are complete, and title passes to the purchaser, upon delivery of the products sold to a carrier F.O.B. defendant's plant in California."
 
 
 [2]
 SGS based its infringement action on 35 U.S.C. § 271(g) which provides in relevant part:
 Whoever without authority imports into the United States or sells or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer, if the importation, sale, or use of the product occurs during the term of such process patent.