965 F.2d 1063
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re STANDARD OIL COMPANY and Carbo Ceramics Inc., Petitioners.
 Misc. No. 329.
 United States Court of Appeals, Federal Circuit.
 March 2, 1992.
 
 On Petition for Writ of Mandamus.
 S.D.Tex.
 PETITION DENIED.
 Before, PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 
 ORDER
 
 1
 PLAGER, Circuit Judge,
 
 
 2
 The Standard Oil Company and Carbo Ceramics Inc. (Standard Oil) petition for writ of mandamus to direct the United States District Court for the Southern District of Texas to grant Standard Oil's motion to dismiss the issues of validity and noninfringement of the patent at issue on the basis of res judicata.
 
 
 3
 Standard Oil states that it and Norton-Alcoa signed a settlement agreement in 1989 emanating from Norton-Alcoa's declaratory judgment action in a Massachusetts district court concerning the patent at issue here. Pursuant to the agreement, Norton-Alcoa received a license, Standard Oil received some royalties, and the pending district court case was dismissed with prejudice.
 
 
 4
 In 1991, Norton-Alcoa filed a declaratory judgment action, this case, in the United States District Court for the Southern District of Texas that the patent is invalid and not infringed. Standard Oil moved to dismiss, in part, based on res judicata or claim preclusion referring to the 1989 agreement. The district court denied the motion relying on Kaspar Wire Works, Inc. v. Leco Engineering and Machine, Inc. 575 F.2d 530 (5th Cir.1978) (simple dismissal with prejudice by agreement of a declaratory judgment action, without any finding by the court regarding validity of the patent, does not operate to bar subsequent challenges to the patent in the absence of clear evidence concerning the parties' intention).
 
 
 5
 Following the district court's ruling, this court issued Foster v. Hallco Manufacturing Co., Inc., 947 F.2d 469 (Fed.Cir.1991) concerning this same general issue. Based on Foster, Standard Oil moved for reconsideration and certification pursuant to 28 U.S.C. § 1292(b), (c). The district court denied the motions.
 
 
 6
 Mandamus is an extraordinary remedy to be reserved for extraordinary situations. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). The party seeking mandamus must show that its right to issuance of the writ is clear and indisputable. Id. Further, if a rational and substantial legal argument can be made in support of the ruling in question, the case is not appropriate for mandamus, even though on normal appeal, a court might find reversible error. In re Cordis Corp., 769 F.2d 733, 737 (Fed.Cir.1985).
 
 
 7
 We stated in Foster that consent agreements respecting validity may bar future litigation of that issue. However, a determination of whether such a bar exists is a question for the district court to decide in the first instance based on the language of the agreement and the intent of the parties. The district court has made such a determination here. We do not deem review of that ruling by mandamus to be appropriate. Standard Oil has not shown that its right to a certain result is clear and indisputable or that no "rational and substantial legal agreement" can be made in support of the district court's ruling.* Cordis, 769 F.2d at 737.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 Standard Oil's petition for writ of mandamus is denied.
 
 
 
 *
 The court's discussion here is not a review on the merits of the district court's ruling