991 F.2d 810
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re ETHICON, INC. and Johnson & Johnson Hospital Services,
Inc., Petitioners.
 Misc. No. 368.
 United States Court of Appeals, Federal Circuit.
 March 12, 1993.
 
 Before ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 MICHEL, Circuit Judge.
 
 ORDER
 
 1
 Ethicon, Inc. and Johnson & Johnson Hospital Services, Inc. (Ethicon) petition for a writ of mandamus directing the United States District Court for the District of Connecticut to vacate its December 15, 1992 and February 4, 1993 orders directing Ethicon to produce certain documents and denying reconsideration, respectively. United States Surgical Corp. opposes.
 
 
 2
 This matter stems from U.S. Surgical's suit alleging, in part, that Ethicon willfully infringed the claims of Ethicon's patents relating to an apparatus for applying surgical clips to seal blood vessels and other body tissue in minimally invasive or endoscopic surgery. In its defense, Ethicon stated that it relied on outside counsel's 45-page opinion letter that U.S. Surgical's patents were invalid, unenforceable and not infringed by Ethicon's devices. Ethicon states that it provided U.S. Surgical with a copy of the opinion letter and that it intends to rely on that opinion to defend against the charge of willful infringement.
 
 
 3
 U.S. Surgical moved to compel production of documents concerning any changes or modifications that Ethicon contemplated making to its multiple clip applier after the issuance of U.S. Surgical's patents. On November 6, 1992, a Special Master ruled that the line of inquiry was relevant or could lead to the discovery of admissible evidence relating to the issues of infringement and willfulness and ordered Ethicon to produce all responsive documents. Shortly thereafter, U.S. Surgical notified the Special Master that Ethicon had produced documents concerning design modifications with redacted portions. Ethicon indicated that it redacted the documents because they reflected the advice of counsel. The documents at issue were prepared by Ethicon engineers and reflect their communications with Ethicon's in-house counsel concerning design modifications.
 
 
 4
 The Special Master inspected the unredacted documents in camera and determined that the redacted portions "are either (1) not subject to attorney-client privilege ... or (2) directed to advice of counsel which is clearly relevant or could lead to the discovery of admissable evidence regarding the issues of infringement and/or willfulness--issues as to which any attorney-client privilege has been waived." The Special Master ordered production of the documents forthwith. On December 15, 1992, the district court adopted the recommended ruling of the Special Master stating:
 
 
 5
 defendants, through their actions in this proceeding, have waived the attorney-client privilege and protection under the work product doctrine with respect to issues of infringement, which encompasses both non-infringement and the absence of infringement. Defendants' reliance on the advice of counsel as defense to the charge of willful infringement waives attorney/client privilege with respect to all documents pertaining to infringement, and not simply documents relating to willful infringement.
 
 
 6
 The remedy of mandamus is a drastic one limited to exceptional circumstances. In re Cordis Corp., 769 F.2d 733, 736 (Fed.Cir.), cert. denied 474 U.S. 851 (1985) (if a rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus, even though on normal appeal, a court might find reversible error). Under Second Circuit precedent, pretrial discovery orders are generally not appealable and the Second Circuit has "expressed reluctance to circumvent this salutary rule by use of mandamus." In re W.R. Grace & Co.--Conn., No. 92-3065, 92-3066 (2nd Cir. Jan. 26, 1993). One seeking a writ has the burden of showing that it has no other adequate means to attain the relief it desires and that its right to issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). Where a matter is committed to a district court's discretion, it cannot be said that a litigant's right to a particular result is "clear and indisputable." Id.
 
 
 7
 The regulation of discovery is committed to the discretion of the trial court. See Heat and Control, Inc. v. Hester Industries, Inc., 785 F.2d 1017 (Fed.Cir.1986). Here, the district court, in its discretion, determined that the disputed documents could lead to the discovery of admissable evidence. Where a matter is committed to a trial court's discretion, a petitioner has an almost insurmountable burden of showing that mandamus should be granted. Under Allied, where a matter is committed to a district court's discretion, it cannot be said that a litigant's right to a particular result is "clear and indisputable." Allied, 449 U.S. at 35. Even if this matter involves a legal rather than discretionary issue, Ethicon has still not shown that its right to the "strong medicine" of mandamus is clear and indisputable. See Cordis, 769 F.2d at 737.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) Ethicon's petition for writ of mandamus is denied.
 
 
 10
 (2) Ethicon's motion for a stay is moot.