62 F.3d 1431
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re YAMAHA CORPORATION, Petitioner.
 Misc. No. 434.
 United States Court of Appeals, Federal Circuit.
 June 30, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 Yamaha Corporation petitions for a writ of mandamus to direct the United States District Court for the Central District of California to vacate its order refusing to disqualify Fish & Richardson P.C. from representing ESS Technology, Inc. (ESS). Fish & Richardson opposes.
 
 
 2
 This matter stems from Yamaha's infringement suit against ESS. Fish & Richardson represents ESS in the suit. Yamaha moved to disqualify Fish & Richardson on the ground that three members of the firm possessed Yamaha proprietary information by virtue of their earlier associations with other law firms. On April 19, 1995,[1] the district court ruled (1) that two of the attorneys were not subject to disqualification, (2) that disqualification of one of the attorneys, who at another firm represented Yamaha in patent litigation, was warranted, and (3) that Fish & Richardson nonetheless need not be disqualified. With regard to the attorney disqualification, the district court found that Yamaha had not shown that the technical aspects of the earlier patent case were "substantially related" to the patents at issue in this case. However, the district court found that the attorney was privy to at least some confidential information regarding Yamaha's strategy for obtaining and enforcing patents, Yamaha's settlement strategy, and Yamaha's litigation strategy and that "there is a reasonable probability that such knowledge is of specific confidential information that could be relevant to the current litigation." With regard to disqualification of the firm, the district court stated:
 
 C. Imputed Knowledge and the Ethical Wall
 
 3
 Because Mr. Willenberg has been held to be disqualified, a strong presumption arises that his knowledge should be imputed to his colleagues at Fish & Richardson such that the entire firm should be disqualified. See Trone, 621 F.2d at 999. [Footnote[5] follows]. However, the Ninth Circuit has explicitly left open the question of whether this presumption can be rebutted through the imposition of an ethical wall. See Paul E. Iacono Structural Engineer, Inc. v. Humphrey, 722 F.2d 435, 442 (9th Cir.), cert. denied, 464 U.S. 851 (1983); Trone, 621 F.2d at 999 n. 4. Several district courts, as well as the Federal Circuit interpreting Ninth Circuit law, have held that although the rebuttal of the presumption favoring imputation may be theoretically possible, the burden of rebuttal had not been met on the facts before them. E.g., Atasi Corp. v. Seagate Technology, 847 F.2d 826, 831 (Fed.Cir.1988); Employers Ins. of Wausau v. Albert D. Seeno Constr. Co., 692 F.Supp. 1150, 1164-65 n. 17 (N.D.Cal.1988); Haagen-Dazs Co. v. Perche No! Gelato, Inc., 639 F.Supp. 282, 287 (N.D.Cal.1986); Hilleby v. FMC Corp., 25 U.S.P.Q.2d 1413, 1416 (N.D.Cal.1992). At least one district court has, however, found the Ninth Circuit's rule against rebutting the presumption of imputation to be "unwavering," Baxter Diagnostics, Inc. v. AVL Scientific Corp., 798 F.Supp. 612, 616 (C.D.Cal.1992), and at least two district courts have expressly approved the use of an ethical wall. Lord Elec. Co. v. Titan Pac. Constr. Corp., 637 F.Supp. 1556 (W.D.Wash.1986); United States v. Judge, 625 F.Supp. 901, 902 (D.Hawaii 1986), aff'd without op., 855 F.2d 863 (9th Cir.), cert. denied, 488 U.S. 959 (1988).
 
 
 4
 In Lord Electric Co., the court, noting that "strict reliance on presumptions and formalistic screening devices prevents the district court from making the careful and sensitive inquiry demanded by a motion to disqualify, thereby raising the possibility that firms will be unnecessarily disqualified," held that any "competent and reliable evidence that clearly and convincingly shows that confidences have not be shared in a firm may ... rebut the presumption" of imputation. Lord Electric Co., 637 F.Supp. at 1565. The Court went on to hold that, on the facts before it, the party opposing the motion to disqualify had met its burden of rebuttal. Id. at 1566. [Footnote omitted].
 
 
 5
 This Court believes that, on the facts before it, the affirmance of Fish & Richardson's already existing ethical wall is appropriate. While Fish & Richardson's attorneys involved in the current litigation are located in its Menlo Park office, Mr. Willenberg is in its Twin Cities, Minnesota office. Furthermore, Fish & Richardson has submitted uncontroverted testimony that it has a policy to "wall off" an attorney with a potential conflict from other attorneys in the firm. Moreover, Mr. Willenberg testified that he never disclosed any confidential information regarding Yamaha to any other F.2d 435, 442 (9th Cir.), cert. denied, 464 U.S. 851 (1983); Trone, 621 F.2d at 999 n. 4. Several district courts, as well as the Federal Circuit interpreting Ninth Circuit law, have held that although the rebuttal of the presumption favoring imputation may be theoretically possible, the burden of rebuttal had not been met on the facts before them. E.g., Atasi Corp v. Seagate Technology, 847 F.2d 826, 831 (Fed.Cir.1988); Employers Ins. of Wausau v. Albert D. Seeno Constr. Co., 692 F.Supp. 1150, 1164-65 n. 17 (N.D.Cal.1988); Haagen-Dazs Co. v. Perche No! Gelato, Inc., 639 F.Supp. 282, 287 (N.D.Cal.1986); Hilleby v. FMC Corp., 25 U.S.P.Q.2d 1413, 1416 (N.D.Cal.1992). At least one district court has, however, found the Ninth Circuit's rule against rebutting the presumption of imputation to be "unwavering," Baxter Diagnostics, Inc. v. AVL Scientific Corp., 798 F.Supp. 612, 616 (C.D.Cal.1992), and at least two district court have expressly approved the use of an ethical wall. Lord Elec. Co. v. Titan Pac. Constr. Corp., 637 F.Supp. 1556 (W.D.Wash.1986); United States v. Judge, 625 F.Supp. 901, 902 (D.Hawaii 1986), aff'd without op., 855 F.2d 863 (9th Cir.), cert. denied, 488 U.S. 959 (1988).
 
 
 6
 In Lord Electric Co., the court, noting that "strict reliance on presumptions and formalistic screening devices prevents the district court from making the careful and sensitive inquiry demanded by a motion to disqualify, thereby raising the possibility that firms will be unnecessarily disqualified," held that any "competent and reliable evidence that clearly and convincingly shows that confidences have not be shared in a firm may ... rebut the presumption" of imputation. Lord Electric Co., 637 F.Supp. at 1565. The Court went on to hold that, on the facts before it, the party opposing the motion to disqualify had met its burden of rebuttal. Id. at 1566. [Footnote omitted].
 
 
 7
 This Court believes that, on the facts before it, the affirmance of Fish & Richardson's already existing ethical wall is appropriate. While Fish & Richardson's attorneys involved in the current litigation are located in its Menlo Park office, Mr. Willenberg is in its Twin Cities, Minnesota office. Furthermore, Fish & Richardson has submitted uncontroverted testimony that it has a policy to "wall off" an attorney with a potential conflict from other attorneys in the firm. Moreover, Mr. Willenberg testified that he never disclosed any confidential information regarding Yamaha to any other attorney at Fish & Richardson. Considering these facts in light of the relatively limited nature of the confidential information underlying Willenberg's disqualification, as well as the strong interest Defendant has in being able to select counsel of its choice in such a specialized, technical case, the Court finds that Defendant has adequately overcome the presumption of imputation. See generally Comment, The Chinese Wall Defense to Law Firm Disqualification, 128 U.Pa.L.Rev. 677, 712-13 (listing factors to consider when determining whether to uphold ethical wall).
 
 
 8
 Yamaha petitions for a writ arguing that the district court erred as a matter of law in refusing to disqualify Fish & Richardson. First, argues that the district court should have relied on California Supreme Court law. Second, Yamaha argues that, in any event, the district court misinterpreted the cases on which it relied. In response, Fish & Richardson points out that the Ninth Circuit as recently as 1994 stated that use of ethical walls remains an open question in that circuit. United States v. Koon, 34 F.3d 1416, 1437 (9th Cir.1994).
 
 
 9
 The remedy of mandamus is a drastic one to be invoked only in extraordinary situations. The party seeking the writ has the burden of showing that its right to issuance of the writ is clear and indisputable. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). Yamaha has failed to meet this stringent standard. As pointed out by ESS, the Ninth Circuit law is unsettled in this burgeoning area of law. Koon, 34 F.3d at 1437. ("This circuit has not yet decided whether such screening procedures, or such evidence, may rebut the presumption that lawyers in the same law firm share information"). Indeed, this court recognized that "the Ninth Circuit has not yet found it necessary to rule on the availability of such [an ethical wall] defense to imputed disqualification." Atasi Corp. v. Seagate Technology, 847 F.2d 826, 831 (Fed.Cir.1988). In view of the unsettled state of the law, Yamaha clearly has not shown that its right to a writ is "clear and indisputable." See also In re Cordis, 769 F.2d 733, 737 (Fed.Cir.1985) ("if a rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus, even though on normal appeal, a court might find reversible error").
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 Yamaha's petition is denied.[2]
 
 
 [footnot 5 The Trone Court did state in dictum that once an attorney is disqualified, her entire firm must be disqualified regardless of whether any other members were exposed to the confidential information. Id. However, this statement could not have meant what it appears to say, for on the very same page the court expressly left open the question of whether a "Chinese Wall" could be used to rebut the presumption of imputed knowledge. Id. at 999 n. 4. Moreover, in making this statement, the Trone court relied on two Seventh Circuit cases. The Seventh Circuit, however, has since held that the presumption that a lawyer share previously acquired confidences when he associates with a new law firm is rebuttable. See Schiessle v. Stephens, 717 F.2d 417, 421 (7th Cir.1983); see also United States use of Lord Electric Co., Inc. v. Titan Pacific Constr. Corp., 637 F.Supp. 1556, 1564 n. 6 (W.D.Wash.1986).]
 
 
 [1]
 The order was signed by the district court on April 19 and stamped "filed" on April 19. However, for some reason not explained here the clerk did not enter the order on the docket until May 13, 1995
 
 
 [2]
 We decline ESS's suggestion that we dismiss Yamaha's petition