ON PETITION FOR WRIT OF MANDAMUS
LINN, Circuit Judge.

ORDER

Patrick D. MacPhee and William B. Hendrix petition for a writ of mandamus to direct the United States Court of Appeals for Veterans Claims to vacate its orders denying their motions to compel the Secretary of Veterans Affairs to provide them with a complete copy of their claims files, as the files existed on the date of the Board of Veterans’ Appeals decision, without charge.
In both these cases, the claimants requested and received copies of their claims files without charge while the cases were proceeding before the agency. Later, when the cases were on appeal before the Court of Appeals for Veterans Claims, claimants again requested the claims files. The Secretary of Veterans Affairs provided updated copies of the files without charge, that is, it provided the files that had been compiled after the first submission.
MacPhee and Hendrix each asked the Court of Appeals for Veterans Claims to compel the Secretary to provide a complete copy of the claims files without charge. The Secretary responded, arguing that he had complied with the pertinent statute, regulation, and rule of the Court of Appeals for Veterans Claims and had provided a complete copy of the file by updating the previous free copy of the file. In each case, a judge of that court denied the veteran’s motion. MacPhee and Hendrix now ask this court to direct the Court of Appeals for Veterans Claims to vacate its orders that denied their requests to be provided a complete copy of the claims file.
*422 We begin with the statute authorizing the Secretary to furnish copies of records. 38 U.S.C. § 5702 provides:
(a) Any person desiring a copy of any record, paper, and so forth, in the custody of the Secretary that may be disclosed under section 5701 of this title must submit to the Secretary an application in writing for such copy. The application shall state specifically—
(1) the particular record, paper, and so forth, a copy of which is desired and whether certified or uncertified; and
(2) the purpose for which such copy is desired to be used.
(b) The Secretary may establish a schedule of fees for copies and certification of such records.
The regulation regarding this statutory provision states, in pertinent part:
(i)(2) Benefits records. When VA benefit records are requested by a VA beneficiary or applicant for VA benefits, the duplication fee for one complete set of such records will be waived.
38 C.F.R. § 1.526(i)(2). If the requested records do not fall under subsection (i)(2), then the records may be provided with the payment of the fees established by the Secretary under subsection (i)(l).
Finally, U.S. Vet.App. R. 11(a) requires the Secretary to transmit two copies of the record on appeal to the Clerk of that court and requires a copy to be served on the parties. The record on appeal is composed of the Board of Veteran’s Appeals decision and “all documents agreed or ordered to be part of the record on appeal, assembled in chronological order.” U.S. Vet.App. R. 11(a)(1)(B). A party may move to supplement the record on appeal if that party believes that any additional part of the claims file is relevant to an issue on appeal. U.S. Vet.App. R. 11(b)(1). Subsection (c)(1) of that court rule states that “[a]fter a Notice of Appeal has been filed, the Secretary shall permit a party or a representative of a party to inspect and copy material in the record before the Board. Such inspection and copying shall be subject to reasonable regulation by the Secretary.”
The crux of the argument of MacPhee and Hendrix (hereinafter MacPhee) is that the Secretary is obligated to provide a complete copy of the file when a case is on appeal. MacPhee states that he “is required to speculate as to the content of the record as it existed at the time of the Board of Veterans’ Appeals decision of February 21, 2001.” MacPhee seems to be alleging that the complete file might differ from the copy of the file and the supplemental file that he has already received. As noted by the Court of Appeals for Veterans Claims, the claims file is available for inspection and copying by Mac-Phee, pursuant to that Court’s Rule 11(c)(1). MacPhee argues that this would require counsel to invest the time and expense of traveling to Washington, D.C. The Secretary has also informed counsel for MacPhee that he will ship the claims file to a regional office for the purpose of inspecting and copying.
The traditional use of the writ of mandamus in aid of appellate jurisdiction, 28 U.S.C. § 1651(a), has been to confine a trial tribunal to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. Roche v. Evaporated Milk Ass’n, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist of Iowa, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is “clear and indisputable.” Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).
*423 MacPhee fails to meet his burden of establishing the two requirements for mandamus. First, MacPhee has not shown a clear and indisputable right to mandamus because the language of the pertinent statute, regulation and court rule do not clearly require the relief that Mac-Phee seeks. See In re Cordis Corp., 769 F.2d 733, 737 (Fed.Cir.1985) (“if a rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus, even though on normal appeal, a court might find reversible error”). Second, MacPhee has not shown that he does not have other means of attaining the relief desired, i.e., he may raise relevant issues on appeal following a final judgment of the Court of Appeals for Veterans Claims.
Accordingly,
IT IS ORDERED THAT:
The petition for writ of mandamus is denied.