In re UNIQUE FUNCTIONAL
PRODUCTS, INC.,
Petitioner.

No. MISC 740.

United States Court of Appeals,
Federal Circuit.

DECIDED: Sept. 3, 2003.

Before MAYER, Chief Judge,
CLEVENGER and PROST, Circuit
Judges.

*ORDER*

PROST, Circuit Judge.

Unique Functional Products, Inc. peti-
tions for a writ of mandamus to direct the
United States District Court for the
Northern District of Georgia to vacate its
order denying Unique's motion to transfer
or dismiss for lack of personal jurisdiction.

Tie Down, Inc. brought a declaratory
judgment action against Unique in the
Georgia district court seeking a declara-
tion of noninfringement, invalidity, and un-
enforceability. Unique moved to dismiss
for lack of personal jurisdiction or, in the
alternative, to transfer to the United
States District Court for the Central Dis-
trict of California. The district court de-
nied the motions. Unique seeks review
and reversal by this petition for writ of
mandamus.

The traditional use of the writ of manda-
mus in aid of appellate jurisdiction, 28
U.S.C. § 1651(a), has been to confine a
trial tribunal to a lawful exercise of its
prescribed jurisdiction or to compel it to
exercise its authority when it is its duty to
do so. *Roche v. Evaporated Milk Ass'n*,
319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185
(1943). A party who seeks a writ bears
the burden of proving that it has no other
means of attaining the relief desired, *Mal-
lard v. U.S. Dist. Court for the Southern
Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct.
1814, 104 L.Ed.2d 318 (1989), and that the
right to issuance of the writ is "clear and
indisputable." *Allied Chemical Corp. v.
Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct.
188, 66 L.Ed.2d 193 (1980). Mandamus is
"strong medicine" to be reserved for the

**753**

most serious and critical of ills. *In re Cordis*, 769 F.2d 733, 737 (Fed.Cir.1985).

Unique argues that the district court's order raises an issue of first impression, i.e., "whether service of warranty claims by an out-of-state defendant, by sending replacement parts to the forum state, is sufficient to confer personal jurisdiction." However, we do not read the district court's order so narrowly. Rather, the district court relied on a variety of factors to establish jurisdiction, including Unique's letter threatening a lawsuit, affidavit evidence that Unique's sales representatives solicited business from a Georgia business over a nine-year period, and the servicing of warranty claims. Unique argues that the affidavits do not survive scrutiny and should be disregarded. Thus, Unique argues that the only issue is whether service of warranty claims is sufficient to confer personal jurisdiction.

Unique has not demonstrated that it is entitled to a writ. In order to prevail, Unique must show, clearly and indisputably, that the district court erred in evaluating the affidavit evidence, that the affidavit evidence should be ignored, and that the remaining factors were not sufficient to confer personal jurisdiction. Stated another way, in order to reach the issue that Unique avers is the only issue on review, we would first have to agree that certain of the district court's factual, evidentiary, and credibility findings should be reversed. Unique has not made even a threshold showing in this regard.

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.