NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE DATATREASURY CORPORATION,
Petitioner.

---

### 2010-M928

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 06-CV-0072, Judge David J. Folsom.

---

## ON PETITION FOR WRIT OF MANDAMUS

---

Before RADER, *Chief Judge*, BRYSON and MOORE, *Circuit Judges*.

RADER, *Chief Judge*.

### ORDER

DataTreasury Corporation (DataTreasury) seeks a writ of mandamus to direct the United States District Court for the Eastern District of Texas to disqualify the law firm of Fish & Richardson, P.C. from further representation of defendant Bank of America in this case. Bank of America opposes. DataTreasury replies.

## I.

In 1998, attorney Paul De Stefano was retained by DataTreasury to provide legal counsel. De Stefano's representation was brief, so brief in fact that he did not bill the client for his time. The substance of the representation involved the negotiation of a license agreement pertaining to a patent related to check-image capturing and storage.

De Stefano subsequently became a partner at the law firm of Fish & Richardson. That firm currently represents Bank of America in this suit brought by DataTreasury. According to the allegations in DataTreasury's complaint, Bank of America infringes the same patent involved in De Stefano's prior representation. De Stefano was with Fish & Richardson at the time this suit was brought but has since left the firm.

DataTreasury moved the district court to disqualify De Stefano and the entire Fish & Richardson firm. After careful review, the district court determined that despite the lack of billable hours, De Stefano's prior representation constituted an attorney-client relationship and that the prior and current matters were substantially related. The court therefore ruled that De Stefano was disqualified under the "substantial relationship" test from any representation in this matter.

The court, however, rejected Bank of America's argument that Fish & Richardson's fate was completely tied to De Stefano's. Rather, in the view of the court, a "balancing approach" was needed. In reviewing the costs and benefits of disqualifying the firm, the court explained that Fish & Richardson had been one of the most active firms in this now four year old litigation and had a "singular familiarity with the issues in this case[.]" The

court added that "the cost of retaining new counsel, in terms of both money and time, would be substantial." Based on the short duration of De Stefano's prior engagement, the court concluded that "[o]n balance, [DataTreasury]'s concerns do not outweigh each party's right to choose its own counsel, as well as considerations of efficient administration of justice." The court therefore denied the motion to disqualify the Fish & Richardson firm.

## II.

Mandamus is an extraordinary remedy, available only upon a demonstration by the petitioner of a "clear and indisputable right" to the relief sought. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). In this case, that requires DataTreasury to demonstrate that the court's denial of disqualification of the Fish & Richardson firm was patently erroneous. Because this petition does not raise issues unique to our jurisdiction, we apply the law of the regional circuit in which the district court sits, in this case the law of the Fifth Circuit.

For obvious reasons, an attorney is prohibited from using confidential information he has obtained from a client against that client on behalf of another. To provide the public with additional trust in the attorney-client relationship, a more restrictive rule on attorneys has also developed prohibiting representation of an adversary of a former client if the subject matter of the two representations is "substantially related." *In re Am. Airlines*, 972 F.2d 605, 609 (5th Cir. 1992); Rule 1.9(a) of the Texas Disciplinary R. Prof'l Conduct. The test requires only that the attorney could have received confidential information during the first representation that would be relevant in the second. It is irrelevant whether confidential information is actually received. *Am. Airlines*, 972 F.2d at 620.

The district court held De Stefano to a presumption that he received confidences from DataTreasury despite the short duration of his counsel and that DataTreasury had waived the subject matter of the privileged material. Yet, the court refused to conclusively presume he shared those attributed confidences with other members of Fish & Richardson. DataTreasury contends that this is error under the Fifth Circuit's *Am. Airlines* decision, but cites in support only dicta. *See Am. Airlines*, 972 F.2d at 614, n.1 ("A second irrebuttable presumption is that confidences obtained by an individual lawyer will be shared with other members of his firm. . . This presumption is not at issue in this case."); *see also ProEducation Int'l, Inc. v. Mindpoint*, 587 F.3d 296, 303 (5th Cir. 2009) ("[T]he *Am. Airlines* case did not actually involve or apply this presumption, so any statement regarding the presumption are dicta."). DataTreasury also urges that the court's analysis outside of the reach of the two-prong substantial relationship test was erroneous, citing the panel's description of the test in *Am. Airlines* as "categorical in requiring disqualification upon establishment of a substantial relationship." 972 F.2d at 614.

It is true that this statement in *Am. Airlines* lends support for DataTreasury's position, but not enough to meet its burden for this extraordinary remedy. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317, n.7 (5th Cir. 2008) (en banc) (A petition for a writ of mandamus should be denied if the "facts and circumstances are rationally capable of providing reasons for what the district court has done."); *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) (noting that "if a rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus).

The Fifth Circuit has on multiple occasions conducted a similar balancing analysis after reaching the conclusion

that the substantial relationship test had been met. *See, e.g., Corrugated,* 659 F.2d at 1348; *United States v. Kitchin,* 592 F.2d 900 (5th Cir. 1979). In *Corrugated,* for example, the court noted after reaching its conclusion that the two-prong test had been satisfied by the movant that "[t]hough the protection of the right of a civil litigant to counsel of his choice is important, that social goal is outweighed here by the likelihood that the image of the legal profession would be tarnished by the continuance of his relationship." 659 F.2d at 1348. While *Corrugated* is pre-*Am. Airlines* and based on the now defunct "appearance of impropriety" ethics canon, *Am. Airlines* itself supports its reasoning's viability. *See Am. Airlines,* 972 F.2d at 618 ("We believe the replacement of the 'appearance of impropriety' with [duty of] loyalty provides no basis for altering the substantial relationship test found in our precedents.").

We cannot conclude that DataTreasury established a clear and indisputable right to disqualify Fish and Richardson. As the court noted, the case has now been pending for more than four years and DataTreasury is seeking to disqualify one of the most actively involved law firms. In addition, the court found plausible Bank of America's contention that Fish & Richardson has "singular familiarity with the issues in this case and that the cost of retaining new counsel, in terms of both money and time, would be substantial given that Fish & Richardson lawyers and staff have invested tens of thousands of hours . . . at a cost of millions of dollars." The district court concluded that these concerns outweighed the representation provided by De Stefano that involved no billable hours and entailed no receipt of information that will be considered privileged at trial. Under these circumstances, we cannot say that DataTreasury has met its burden of establishing a clear and indisputable right to mandamus relief.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

AUG   5 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Rod Phelan, Esq.
Nelson J. Roach, Esq.
William H. Boice, Esq.
Gerald C. Conley, Esq.
Robert M. Parker, Esq.
William Ellsworth Davis III, Esq.
Thomas M. Melsheimer, Esq.
Layn R. Phillips, Esq.
Samuel F. Baxter, Esq.
Guillermo E. Baeza, Esq.
John J. Feldhaus, Esq.
John R. Emerson, Esq.
Howard N. Wisnia, Esq.
Clerk, United States District Court for the Eastern
District of Texas, Marshall Division.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 05 2010

JAN HORBALY
CLERK