INSTA–BULK, INC., Plaintiff,

v.

POWERTEX INC., Successor
in Interest to:

Tri–Wall Containers, Defendant,

and

Sea–Land Service, Inc.,
Defendant/Intervenor.

No. 82 Civ. 1180(MEL).

United States District Court,
S.D. New York.

May 28, 1991.

As Corrected June 7, 1991.

Proskauer, Rose, Goetz & Mendelsohn by Steven E. Obus, New York City, Arnold, White & Durkee by Alan H. Gordon, Gordon G. Waggett, Robert W. Craft, Jr., Houston, Tex., for Insta–Bulk, Inc.

Kenneth L. King, John S. Sensny, Scully, Scott, Murphy & Presser, Garden City, N.Y., Jeffrey L. Reiner, Geralyn A. Boccher, Meyner and Landis, Newark, N.J., for Powertex, Inc. ·

LASKER, District Judge.

Powertex, Inc. moves to hold Insta–Bulk, Inc., in contempt of an injunction filed in this court on June 17, 1983. Because the matter is urgent to both parties, a summary disposition is in order.

Powertex alleges that Insta–Bulk has violated the injunction by making sales of its products in violation of Powertex's patent on the products. This matter originated in the court in 1982. A settlement agreement was entered into contemporaneously with the issuance of a license by Powertex to Insta–Bulk authorizing Insta–Bulk to sell items produced by it under the Powertex patent, but only in the States of Texas and Louisiana unless Insta–Bulk was specifically authorized by Powertex to make a sale elsewhere.

The injunction, which was entered on consent simultaneously with the settlement and license agreement, provides at Paragraph 5:

"In the event that plaintiff, Insta–Bulk, Inc., enters into a license agreement under said Patent NOS. 3,696,952 AND 3,868,042, the permanent injunction herein shall not be applicable."

█ Arguing that because a license agreement is in effect between the parties, the injunction heretofore issued is not "applicable", Insta–Bulk has moved to dismiss Powertex's motion to hold it in contempt. In the alternative, Insta–Bulk moves to stay the proceedings pending arbitration which it claims is the proper procedure for the disposition of this dispute as specified by the license agreement. Insta–Bulk's motion to dismiss the contempt application is denied. The provision of Paragraph 5 that an injunction shall not be "applicable" relates only to actions which are authorized by the license agreement. Since the very question raised by Powertex's motion to hold Insta–Bulk in contempt is whether Insta–Bulk's actions are authorized by the license agreement, that question must be decided before it can be determined whether the non-applicability provision of Paragraph 5 of the injunction covers the situation.

█ On the other hand, the motion to stay the contempt proceedings pending arbitration is granted. The question of whether the matter is arbitrable is determined by the issue between the parties. That issue is whether or not sales made by Insta–Bulk outside the States of Texas and Louisiana were authorized in accordance with the provisions specified in the license agreement. That issue is a question arising out of the agreement. Paragraph 10 of the license agreement between the parties specifies that all questions which "arise out of this Agreement" are to be arbitrated. Accordingly, it is clear that under the law of this Circuit that issue must be determined in accordance with the arbitration procedure specified in the license agreement.

█ Powertex argues that it has terminated the license agreement and that the arbitration clause of that agreement accordingly may no longer be invoked. However, as the Supreme Court decided in

*Nolde Brothers, Inc. v. Local No. 358, Bakery & Confectionery Workers Union,* 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977), obligations to arbitrate can survive contract expiration, and there is no evidence that the parties here intended a different rule to apply. *See also Emery Air Freight Corp. v. Local Union 295,* 786 F.2d 93, 97–98 (2d Cir.1986).

This disposition is without prejudice to Powertex's right to renew its application to hold Insta–Bulk in contempt upon completion of the arbitration proceedings, if the outcome of those proceedings make such an application appropriate.

The parties are directed to proceed promptly to invoke the arbitration procedure. Any actions taken by Powertex in this regard shall not constitute an admission by it that the matter is arbitrable.

It is so ordered.