14 F.3d 612
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 In re POWERTEX, INC., Victor T. Podd, and Sea-Land Service,
Inc., Petitioners.
 Misc. No. 379.
 United States Court of Appeals, Federal Circuit.
 Oct. 29, 1993.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ORDER
 RICH, Circuit Judge.
 
 
 1
 Powertex, Inc. et al. (Powertex) petition for a writ of mandamus to direct the United States District Court for the District of New Jersey to conduct a hearing and make findings "as to the existence of an enforceable agreement in writing requiring arbitration of the issues raised in the said lawsuit." Insta-Bulk, Inc. opposes and moves for sanctions. Powertex moves for leave to file a reply, with reply attached.
 
 BACKGROUND
 
 2
 In 1991, Powertex filed a contempt action in the United States District Court for the Southern District of New York. The parties had previously settled a lawsuit in that district court concerning two of Powertex's patents. The license agreement into which the parties entered pursuant to their settlement agreement stated that "[i]f any disputes between the parties arise out of this Agreement, such disputes shall forthwith be referred to arbitration." Insta-Bulk moved to stay the contempt proceedings (which Powertex had brought because it alleged that Insta-Bulk had violated the injunction entered in connection with the settlement agreement) pending arbitration. The New York district court concluded that the issue raised by the contempt action was a question arising out of the agreement and stayed its proceedings pending arbitration.
 
 
 3
 Later in 1991, Powertex filed suit against Insta-Bulk in the United States District Court for the District of New Jersey alleging, inter alia, infringement of the claims of one of Powertex's patents covered by the license agreement. Powertex filed a second suit against Insta-Bulk in the New Jersey district court alleging, inter alia, infringement of the claims of two patents that issued after the settlement agreement was entered in the New York district court. Insta-Bulk moved to stay proceedings pending arbitration, alleging that the later-issued patents as well as the first patent were covered by the license agreement.
 
 
 4
 The New Jersey district court granted Insta-Bulk's motion for a stay pending arbitration and denied Insta-Bulk's motion to transfer to the New York district court. The New Jersey district court specifically stated that the issue of whether the later-issued patents were covered by the license agreement was an issue that arose out of the agreement and that the dispute thus came within the agreement's arbitration clause. Powertex moved for reconsideration of the New Jersey district court's order. Powertex argued that the license agreement expired, at the latest, on February 25, 1992 and that the license agreement, along with the arbitration clause, did not apply to the later-issued patents. The New Jersey district court denied reconsideration, noting that the issue of whether "there is a license agreement from and after February 25, 1992 which encompasses viable patents" is an arbitrable issue under the arbitration clause.
 
 DISCUSSION
 
 5
 Only "exceptional circumstances" that amount to a "judicial 'usurpation of power' " justify the issuance of a writ of mandamus. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). A party seeking mandamus must show that there is no other means of attaining the relief desired and that the right to the issuance of a writ is "clear and indisputable" Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).
 
 
 6
 Powertex argues that the district court "failed to make a finding under 9 U.S.C. Sec. 3 that there is in fact an issue involved in that suit which is referable to arbitration under a written arbitration agreement. Instead, the Court referred to the arbitrators the very question as to whether there is a binding agreement to arbitrate the issues raised in the pending lawsuit."
 
 
 7
 The issue presented by Powertex's petition is not so simply stated. Insta-Bulk argues that its actions are permitted by the license agreement. That argument depends, in part, on whether the license agreement encompassed the patents at issue and whether the license agreement expired. The New Jersey district court determined that Insta-Bulk's defense arose out of the agreement and was thus subject to arbitration. We also note that the New York district court previously stated that arbitration clauses may "survive contract expiration." See Insta-Bulk, Inc. v. Powertex, Inc., 764 F.Supp. 52, 53-54 (1991) (citing Nolde Brothers, Inc. v. Local No. 358, Bakery & Confectionery Workers Union, 430 U.S. 243 (1977)). Powertex's arguments, that the agreement expired or was terminated and that the agreement does not cover certain patents, are directed to the scope of the entire agreement and do not necessarily limit the applicability of the arbitration clause itself. Powertex merely makes general statements regarding the district court's duty to conclude that the parties have agreed to arbitration and makes no reference to any cases with similar circumstances that resulted in the outcome Powertex seeks here. Powertex has not shown that its right to the requested relief is "clear and indisputable."
 
 
 8
 The Supreme Court has indicated that agreements to arbitrate are to be construed liberally to favor arbitration. AT & T Tech., Inc. v. Communications Workers of Am., 475 U.S. 643, 650 (1986) (arbitration should be ordered "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage" (citations omitted)); Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc., 473 U.S. 614, 626 (1985) (parties' intentions to arbitrate should be generously construed); Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).
 
 
 9
 Given the federal policy favoring arbitration and the lack of any indication that Powertex's right to the relief requested is clear, we conclude that mandamus is not appropriate. If a "rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus, even though on normal appeal, a court might find reversible error." In re Cordis Corp., 769 F.2d 733, 737 (Fed.Cir.1985). Furthermore, Powertex's right to appeal after a final judgment from the district court would not be a meaningless form of relief. See, e.g., Communication Workers of Am., AFL-CIO v. American Tel. Co., 932 F.2d 199, 213 (3rd Cir.1991) (requiring a party to arbitrate before taking an appeal does not deny that party adequate relief).
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 (1) Powertex's petition for a writ of mandamus is denied.
 
 
 12
 (2) Insta-Bulk's motion for sanctions is denied.
 
 
 13
 (3) Powertex's motion for leave to file a reply is granted.