91 F.3d 170
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re SHARPER IMAGE CORPORATION, Petitioner.
 Misc. No. 464.
 United States Court of Appeals, Federal Circuit.
 June 7, 1996.
 
 Before ARCHER, Chief Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 ORDER
 ARCHER, Chief Judge.
 
 
 1
 Sharper Image Corporation petitions for a writ of mandamus to direct the United States District Court for the Central District of California, before the retrial of this case, to (1) admit into evidence Sharper Image's own design patent; (2) admit into evidence a utility patent; (3) admit into evidence certain testimony concerning Sharper Image's accounting records, general overhead expenses, and overall net profit; (4) bifurcate the liability and damages phases of the retrial; (5) allow Sharper Image to assert the defense of laches; and (6) reopen expert discovery. Sharper Image also moves to stay the retrial of this case, under Fed.R.App.P. 8(a), pending this court's decision on the petition for a writ of mandamus. Barbara Arner opposes the motion for stay.
 
 BACKGROUND
 
 2
 Arner brought an action against Sharper Image for design patent infringement, seeking Sharper Image's profits under 35 U.S.C. § 289 on the sale of a tie rack. The case was tried before a jury. Sharper Image sought to introduce evidence of its own design patent as relevant evidence of equivalency, to show that Arner's design patent had been cited as prior art, and to show that Sharper Image had sought to design around Arner's design patent. Sharper Image also sought to introduce evidence of a prior art utility patent (the Ginsburg patent) that was cited in Sharper Image's design patent, but was not cited in Arner's design patent, on the issue of "point of novelty." In addition, Sharper Image sought to (1) introduce evidence concerning its accounting records, overhead expenses, and overall net profit; (2) bifurcate the liability and damages phases of the trial; and (3) assert the defense of laches. The district court ruled adversely to Sharper Image on all of the motions.
 
 
 3
 On April 30, 1996, the district court declared a mistrial after learning that the jury could not reach a verdict. At a May 13, 1996 status conference, the district court scheduled a retrial for June 11, 1996. Additionally, the district court denied Sharper Image's motions both to reopen expert discovery on the issues of damages and point of novelty and to stay the retrial pending this court's disposition of a petition for a writ of mandamus. Sharper Images filed the instant petition and motion for stay in this court on June 3, 1996.
 
 DISCUSSION
 
 4
 The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking such a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).
 
 
 5
 In essence, Sharper Image argues that granting the mandamus relief it seeks is appropriate because doing so will allow a retrial without Sharper Image being bound by the erroneous, adverse rulings of the district court and, therefore, will eliminate the possibility of third trial. We conclude, albeit with some hesitation, that Sharper Image is not entitled to mandamus relief. The remedy of mandamus is "strong medicine" and a case may not be appropriate for mandamus "even though on normal review, a court might find reversible error." In re Cordis Corp., 769 F.2d 733, 737 (Fed.Cir.), cert. denied, 474 U.S. 851 (1985). Sharper Image's belief that the district court erred in its various interlocutary rulings and that, therefore, immediate appellate review is required in order to avoid repetition of those rulings does not justify the issuance of a writ of mandamus. See United States v. Watson, 603 F.2d 192, 196 (CCPA 1979) (that petitioner "may suffer hardship, inconvenience or an usually complex trial" does not necessarily provide a basis for mandamus). That is especially true here because the first trial ended in a mistrial and the case will be tried anew.* We note that the retrial is commencing shortly and will likely be concluded shortly. Thus, if Sharper Image does not prevail, it will soon be able to seek review of any adverse rulings in this court. Finally, we note that Shaper Image knew of the June 11 retrial date on May 13, but waited to file its mandamus petition until the eve of the retrial.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The petition for a writ of mandamus is denied.
 
 
 8
 (2) The motion to stay the retrial is moot.
 
 
 
 *
 It is unclear from the papers whether Sharper Image may renew its motions to allow its design patent and the prior art utility patent into evidence for purposes of the retrial. If it is allowed to do so, we urge that course of conduct