98 F.3d 1356
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re ACTEL CORPORATION, Petitioner.
 Misc. No. 469.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1996.
 
 Before RICH, LOURIE, and CLEVENGER, Circuit Judges.
 ON PETITION FOR WRIT OF MANDAMUS
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 Actel Corporation petitions for writ of mandamus to direct the United States District Court for the Northern District of California to vacate its May 29, 1996 order disqualifying counsel for Actel. QuickLogic opposes.
 
 
 2
 Actel sued QuickLogic for infringement of the claims of six patents. Quicklogic counterclaimed for infringement of the claims of two of its patents. Lyon & Lyon was the law firm representing Actel. Skjerven, Morrill, MacPherson, Franklin & Friel (the Skjerven firm), the law firm representing QuickLogic, employed Michael Oleinik as a law clerk during the summer of 1994. After serving as a law clerk at the Skjerven firm, Oleinik was interviewed by Lyon & Lyon and accepted an offer from that firm in 1994 to begin employment as an associate in 1995.
 
 
 3
 In February of 1996, QuickLogic moved to disqualify Oleinik and Lyon & Lyon on the ground that Oleinik had obtained confidential information while working for the Skjerven firm. The district court referred the motion to a special master. The special master issued a recommendation that the motion be granted. On May 29, 1996, the district court issued an order disqualifying Lyon & Lyon.
 
 
 4
 Specifically, the district court found that Oleinik's handwritten record that he had read the "case file" while employed at the Skjerven firm "convinces the Court that he has possession of confidential information of Quicklogic materially related to this case." The Special Master's report, attached to the district court's order, goes into greater detail concerning this finding and the evidence submitted by both sides regarding whether Oleinik had access to confidential information and whether the information was related to this case.
 
 
 5
 Actel argues that the district court erred in these and other determinations. QuickLogic argues that Actel's arguments are merely challenges to factual findings and do not meet the burden required for the issuance of mandamus. QuickLogic also argues that Actel's arguments concerning the evidence and the district court's determinations are, in any event, incorrect.
 
 
 6
 The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that its right to issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Thus, Actel has a heavy burden to obtain the requested writ.
 
 
 7
 Actel's right to the requested relief is by no means clear and thus Actel has not met its burden here. In In re Cordis, 769 F.2d 733, 737 (Fed.Cir.1985), we stated that mandamus must "be reserved for the most serious and critical ills, and if a rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus, even though on normal appeal, a court might find reversible error." Actel's main argument is that the district court erred based on the facts. However, the "facts" Actel relies on were not found or accepted by the district court. Actel argues that the district court "applied an incorrect standard with regard to materiality and relied on inadmissible evidence in determining that QuickLogic met its burden of establishing that Mr. Oleinik possessed confidential information material to the current underlying litigation." That argument cannot be separated from Actel's factual assertions. To accept Actel's argument would require this court to reweigh most of the evidence and likely overturn credibility determinations. While there might be an egregious case that would require us to undertake such review by mandamus, Actel has not shown that this is such a case. We are not convinced that Actel has met its heavy burden of showing that the district court's determinations were so clearly erroneous that mandamus must issue.
 
 
 8
 We recognize that disqualification of counsel is an important concern. However, that concern is the district court's primary responsibility. Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 435-36 (1984) (orders disqualifying counsel are not appealable; "in the exceptional circumstances for which it was designed, a writ of mandamus from the court of appeals might be available").
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 Actel's petition for a writ of mandamus is denied.