99 F.3d 1159
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re CELLPRO, INC., Petitioner.
 Misc. No. 481.
 United States Court of Appeals, Federal Circuit.
 Oct. 7, 1996.
 
 Before NEWMAN, RADER and BRYSON, Circuit Judges.
 ON PETITION FOR WRIT OF MANDAMUS
 RADER, Circuit Judge.
 
 ORDER
 
 1
 CellPro, Inc. petitions for a writ of mandamus to direct the United States District Court for the District of Delaware to vacate its June 28, 1996 order granting a new trial and to enter judgment on the jury verdict. The Johns Hopkins University, Baxter Healthcare Corporation, and Becton Dickinson and Company oppose.* Johns Hopkins moves for leave to file a supplemental appendix. CellPro consents. CellPro moves for leave to file a reply to Johns Hopkins' response, with reply attached. Johns Hopkins opposes.
 
 BACKGROUND
 
 2
 Four of Johns Hopkins' patents were at issue in the Delaware district court action. The four patents are related to monoclonal antibodies that recognize an antigen on certain stem cells. The case was tried to a jury on the issues of invalidity and infringement. The trial court reserved for its own consideration the issue of infringement under the doctrine of equivalents. After all the evidence was presented, the district court instructed the jury on the construction of the claims. The jury returned a verdict for CellPro, essentially finding that the claims of all four patents were invalid and not infringed. Shortly thereafter, this court issued its decision in Hilton Davis Chem. Co. v. Warner-Jenkinson Co., 62 F.3d 1512 (Fed.Cir.1995). The parties filed posttrial motions.
 
 
 3
 On June 28, 1996, the district court granted Johns Hopkins' JMOL motion, entering a judgment of infringement with respect to two patents and ordering a new trial on most of the other trial issues, including infringement under the doctrine of equivalents. CellPro filed the instant petition on August 30, 1996.
 
 DISCUSSION
 
 4
 The remedy of mandamus in available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking such a writ bears the burden of proving that it has no means of attaining the relief desired, Mallard v. United States Dist. Court of the S. Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).
 
 
 5
 CellPro argues that it is entitled to mandamus relief because the district court, in granting Johns Hopkins' JMOL motion, erred in reconstruing the claims. CellPro argues further that the district abused its discretion in ordering a new trial on the issue of obviousness. CellPro thus concludes that it would be unfair to subject it to the cost of a second trial. Johns Hopkins states that the district court denied CellPro's motion for certification under 28 U.S.C. § 1292(b) for immediate review of the district court's claim construction.
 
 
 6
 In Allied Chemical, the Court considered the propriety of mandamus when a district court grants a new trial motion. Because the granting of a new trial is a matter within the discretion of a district court, "[a] trial court's ordering of a new trial rarely, if ever, will justify the issuance of a writ of mandamus." Allied Chem., 449 U.S. at 36. Such a rare case is not presented here. CellPro may seek review of the issues it now raises, if necessary, after a final judgment has been entered. See id. CellPro's belief that the district court erred in its claim construction does not entitle it to mandamus relief. The remedy of mandamus is "strong medicine" and a case may not be appropriate for mandamus "even though on normal review, a court might find reversible error." In re Cordis Corp., 769 F.2d 733, 737 (Fed.Cir.1985). Further, CellPro's complaint that it will be subjected to the cost of a second trial does not, in itself, require that this court grant mandamus relief. See United States v. Watson, 603 F.2d 192, 196 (CCPA1979) (that petitioner "may suffer hardship, inconvenience or an unusually complex trial" does not provide a basis for mandamus relief). In sum, the second trial will be commencing shortly and if the judgment is not in CellPro's favor, it may appeal to this court after a final judgment has been entered.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) CellPro's petition for a writ of mandamus is denied.
 
 
 9
 (2) Johns Hopkins' motion for leave to file a supplemental appendix is granted.
 
 
 10
 (3) CellPro's motion for leave to file a reply to Johns Hopkins' response is granted.
 
 
 
 *
 John Hopkins et al. submitted their opposition two days late. The court treats the opposition as a motion for leave to file an opposition out of time, with opposition attached, and grants it