**In re Georg PAPST, Papst Licensing GmbH & Co. KG, and Papst Licensing Verwaltungsgesellachaft Mit Beschrankter Haftung, Petitioners.**

**Misc. No. 719.**

United States Court of Appeals, Federal Circuit.

DECIDED: Jan. 21, 2003.

Before LOURIE, BRYSON, and GAJARSA, Circuit Judges.

*ORDER*

GAJARSA, Circuit Judge.

Georg Papst et al. petition for a writ of mandamus to direct the United States District Court for the District of Columbia and the United States District Court for the Eastern District of Louisiana to vacate their orders denying Papst's motions to dismiss certain of Minebea Co. Ltd. et al's declaratory judgment counts. Papst moves for permission to discuss a nonprecedential order. Minebea opposes the petition and the motion.*

The Judicial Panel for Multidistrict Litigation consolidated multiple lawsuits involving many parties related to patent, Lanham Act, and other issues for pretrial discovery in the Louisiana district court. Papst moved the Louisiana district court to dismiss Minebea's patent-related declaratory judgment counts for lack of subject-matter jurisdiction. On November 3, 2000, the motion was denied. On April 15, 2002, the panel remanded nine counts of Minebea's suit against Papst to the DC district court and stayed discovery on the remaining counts. Papst renewed its motion to dismiss in the DC district court after remand. On November 2, 2002, that motion was denied. Because most of Papst's arguments relate to the latter order, we confine our discussion to that order.

The crux of Papst's argument is that Papst's covenant not to sue Minebea divested the district court of subject matter jurisdiction over Minebea's declaratory judgment counts because Minebea's appre-

* Both parties' requests to file documents within the page limit of the Federal Rules of Appellate Procedure, as amended on December 1, 2002, are unnecessary. Minebea's motion for leave to file a response to Papst's motion is also unnecessary. Fed. R.App. P. 27(a)(3).

hension of suit related to suits against Minebea's customers, not against Minebea itself. The DC district court rejected Papst's argument in view of *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 737 (Fed.Cir.1988) (one part of the test requires "acts of [the patentee] that might subject [the declaratory judgment plaintiff] or its customers to suit for patent infringement"). Further, The DC district court noted that in *Intellectual Property Development, Inc. v. TCI Cablevision of California*, 248 F.3d 1333 (Fed. Cir.2001), relied on by Papst, this court acknowledged that apprehension "also may apply to a declaratory plaintiff's customers as discussed in *Arrowhead.*" *TCI*, 248 F.3d at 1341 n. 8.

The traditional use of the writ of mandamus in aid of appellate jurisdiction, *see* 28 U.S.C. § 1651(a), "has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

As this court pointed out in *Arrowhead*, judicial "tests" arise in a particular factual milieu and the district court's "view of the legal effect of the fact pattern before it is not to be lightly disregarded." *Arrowhead*, 846 F.2d at 735–36. The parties' discussion of the court's jurisprudence in this area reflects the case-by-case nature of the analysis in our case law. Thus, Papst has a high hurdle to transcend to show that its right to a certain result is "clear and indisputable" and that mandamus is appropriate. *See In re Cordis*, 769 F.2d 733, 737 (Fed.Cir.1985) (if a rational and substantial legal argument can be made in support of the ruling in question, then the case is not appropriate for mandamus even though on normal appeal a court might find reversible error). It has not met that burden. Further, Papst has not shown that it has no other means of attaining the relief desired because it may seek review of these rulings on appeal after final judgment.

Accordingly,

IT IS ORDERED THAT:

(1) Papst's petition for a writ of mandamus is denied.

(2) Papst's motion for leave to discuss a nonprecedential order is denied.