**In re ECAST, INC., Petitioner.**

**No. MISC. 763.**

United States Court of Appeals, Federal Circuit.

April 22, 2004.

Gerald P. Dodson, Principal Attorney, Morrison & Foerster, Palo Alto, CA, for Petitioner.

Joseph S. Presta, Principal Attorney, Nixon & Vanderhye, Floor, Arlington, VA, for Respondent.

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

## ON PETITION FOR WRIT OF MANDAMUS

SCHALL, Circuit Judge.

### ORDER

Ecast, Inc. petitions for a writ of mandamus to direct the United States District Court for the Northern District of California to vacate its order limiting the evidence that Ecast may present in the trial on damages scheduled to commence on April 26, 2004.

A writ of mandamus will issue only in exceptional circumstances to correct a clear abuse of discretion or usurpation of judicial power by a trial court. *In re Calmar Inc.*, 854 F.2d 461, 464 (Fed.Cir. 1988). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Thus, "if a rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus, even though on normal appeal, a court might find reversible error." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed.Cir. 1985).

Ecast's petition is denied because Ecast has not shown that it lacks alternative means of attaining the relief requested. It may present arguments alleging error in the damages trial on appeal after final judgment. *See United States v. Watson*, 66 C.C.P.A. 107, 603 F.2d 192, 196–97 (CCPA 1979) (petitioner did not establish lack of alternative means to obtain relief from the action; that the petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a

basis for a court exercising its discretion to grant mandamus); *see also Federal Trade Comm'n v. Standard Oil Co. of California,* 449 U.S. 232, 244, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980) (expenses and burdens of defending action do not constitute irreparable harm).

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.[*]

[*] Ecast seeks to introduce evidence at the upcoming damages trial to defeat TouchTunes Music Corporation's arguments concerning lost profits and reasonable royalties. Specifically, Ecast argues that it is entitled to introduce evidence concerning the availability of noninfringing alternatives and failure to use a particular feature of the patented invention.

We note that, as Ecast urges, under Federal Circuit precedent evidence of the availability of an acceptable noninfringing alternative is

relevant to a lost profits analysis, *see Grain Processing Corp. v. American Maize–Products,* 185 F.3d 1341, 1350–51 (Fed.Cir.1999), and to a reasonable royalty analysis, *see Zygo Corp. v. Wyko Corp.,* 79 F.3d 1563, 1571–72 (Fed.Cir.1996). Further, evidence of the extent to which an infringer has, or has not, made use of the invention is relevant to a reasonable royalty analysis. *See SmithKline Diagnostics v. Helena Labs.,* 926 F.2d 1161, 1168 (Fed.Cir.1991).