**In re TESCO CORPORATION (US), Petitioner.**

**Misc. No. 813.**

United States Court of Appeals, Federal Circuit.

March 20, 2006.

On Petition for Writ of Mandamus.

Before MICHEL, Chief Judge, LOURIE and GAJARSA, Circuit Judges.

### ORDER

LOURIE, Circuit Judge.

Tesco Corporation (US) petitions for a writ of mandamus to (1) direct the United States District Court for the Western District of Louisiana to vacate its January 3, 2006 order denying Tesco's motion to transfer venue and (2) remand and order the district court to transfer the case to the Houston Division of the United States District Court for the Southern District of Texas. Varco I/P, Inc. opposes. Tesco replies.

Varco filed a complaint against Tesco alleging patent infringement. *Varco I/P, Inc. v. Tesco Corp.*, No. 05–0634, 2006 WL 1314290 (W.D.La.2006). Tesco moved to dismiss for lack of personal jurisdiction and improper venue or, alternatively, to transfer to the Southern District of Texas based on inconvenient venue. The district court denied Tesco's motions. Tesco now asks that we vacate the district court's order denying its motion to transfer and order the district court to transfer the case to the Southern District of Texas.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In re Cordis Corp.,* 769 F.2d 733, 737 (Fed.Cir.1985).

Tesco argues that the district court erred in denying its motion to transfer pursuant to 28 U.S.C. § 1404(a) because both parties are based in Houston and a trial in the Southern District of Texas would be more convenient for witnesses and the parties.

Section 1404(a) provides that a district court may transfer a case to another district or division where it might have been brought for the convenience of the parties and witnesses. In reviewing a district court's ruling on a motion to transfer pursuant to § 1404(a), we apply the law of the regional circuit, in this case the Fifth Circuit. *See Storage Tech. Corp. v. Cisco Sys., Inc.,* 329 F.3d 823, 836 (Fed.Cir. 2003). Under Fifth Circuit precedent, the decision whether to grant a motion to transfer venue is within the discretion of the district court. *See Peteet v. Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir. 1989). "Where a matter is committed to [the trial court's] discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Because Tesco challenges the district court's exercise of its discretion, it cannot show that its right to a particular result is clear and indisputable. *Allied Chem.,* 449 U.S. at 35, 101 S.Ct. 188.

Tesco argues as an alternative ground in support of transfer that the district court lacks personal jurisdiction over Tesco and that a transfer to the Southern District of Texas would resolve any jurisdictional issues. Varco asserts that the district court has both specific and general personal jurisdiction over Tesco. Thus, in order to show that its right to a writ is clear and

indisputable on this ground, Tesco is required to show that the district court could not have determined that Tesco could be subject to either general jurisdiction or specific jurisdiction in Louisiana without clearly abusing its discretion. We are not convinced that Tesco has satisfied the difficult burden of showing that it has a clear and indisputable right to issuance of a writ of mandamus on this basis.

Accordingly,

IT IS ORDERED THAT:

Tesco's petition for a writ of mandamus is denied.