**In re TELEFONIX, INC. and Vanguard Products Group, Petitioners.**

**Misc. No. 826.**

United States Court of Appeals, Federal Circuit.

Sept. 20, 2006.

Before LOURIE, Circuit Judge, CLEVENGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

*ORDER*

BRYSON, Circuit Judge.

Telefonix, Inc. and Vanguard Products Group (Telefonix) petition for a writ of mandamus to direct the United States District Court for the District of Oregon to vacate its order that disqualified counsel for Telefonix.

Merchandising Technologies, Inc. (MTI) filed an action in the Oregon district court, seeking an injunction based on alleged antitrust violations, a declaratory judgment that it does not infringe Telefonix's patent, and a declaratory judgment that the patent is invalid. MTI moved to disqualify counsel for Telefonix, the Grossman Law Offices.

MTI asserted that Mark Grossman had formerly represented MTI in an Illinois district court patent infringement action filed in 2002. MTI, Telefonix and Vanguard were defendants in that action and were all represented by the Grossman

Law Offices. While the Illinois case was ongoing, Vanguard sent a letter to MTI informing MTI that Telefonix had been awarded a patent and that Vanguard was the exclusive licensee of that patent. MTI objected to the Grossman Law Offices' simultaneous representation of MTI, Telefonix and Vanguard and the Grossman Law Offices ended its representation of MTI in the Illinois action in April of 2005.

Subsequently, the Oregon action regarding Telefonix's patent was filed. The Grossman Law Offices entered an appearance on behalf of Telefonix and Vanguard in the Oregon action. MTI moved to disqualify the Grossman Law Offices and the Oregon district court granted the motion.

The Oregon district court found that "the Grossmans possess confidential information regarding MTI that they obtained during their representation of MTI in the [Illinois] case." The Oregon district court also found that during that previous representation, Mark Grossman "studied MTI's fabrication processes, examined MTI's confidential financial records, obtained detailed technical information about MTI's products and how they are made, and spent 'considerable time' interviewing MTI's Chief Executive Officer and other key MTI personnel." Specifically, the district court stated that "the record establishes the Grossmans have an information-specific conflict because they obtained some degree of confidential information about how the product at issue works, about MTI's financial information, and about MTI's business processes. In addition, notwithstanding the Grossmans' Declarations to the contrary, an objective view of the record shows that there is a risk that confidential factual information learned by the Grossmans when they represented MTI in the [Illinois] matter could be used to advance Defendants' position. Thus, the Oregon Rules of Professional Conduct preclude the Grossmans from representing Defendants in this case."

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that its right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). In *In re Cordis*, 769 F.2d 733, 737 (Fed.Cir.1985), we stated that mandamus must "be reserved for the most serious and critical ills, and if a rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus, even though on normal appeal, a court might find reversible error."

Telefonix has not met its burden of showing that its right to issuance of a writ is clear and indisputable. Telefonix argues that it was error for the district court to have found that the Grossman Law Offices had obtained confidential information because Telefonix asserts that the district court "concluded that this case was unrelated to the [Illinois] case" and thus any information obtained was not "material."

First, although it is not dispositive, it does not appear that the district court expressly concluded that the cases were not related. On the pages of the district court's order cited by Telefonix, the district court merely stated Telefonix's arguments (that the cases involved different patents, different parts or products,* and different time spans). Second, Telefonix's arguments in its petition are conclusory and do not show how the district court might have erred, if at all. The district court disqualified counsel on the ground that the Grossman Law Offices obtained

---

* Telefonix asserts that the product in the Illinois case was a security system for a retail

"some degree of confidential information about how the product at issue works, about MTI's financial information, and about MTI's business processes." Telefonix's bare assertion, that the two district court cases are different because they involve different patents and different parts or products, does not clearly and indisputably show that the district court erred in determining that counsel obtained confidential information that might be used to advance Telefonix's position in the Oregon case.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

display and the product in the Oregon case is a power system for a retail display.