NOTE: *Pursuant to Fed. Cir. R. 47.6, this order is not citable as precedent. It is a public order.*

**In re TARGET TECHNOLOGY COMPANY LLC,**
**Petitioner.**

**Misc. No. 827.**

United States Court of Appeals, Federal Circuit.

Oct. 12, 2006.

Before LOURIE, Circuit Judge, CLEVENGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

*ORDER*

BRYSON, Circuit Judge.

Target Technology Company LLC petitions for a writ of mandamus to direct the United States District Court for the Central District of California to vacate its August 8, 2006 order requiring production of three letters. Williams Advanced Materials, Inc. opposes.

Target sued Williams for infringement of its patent concerning the use of certain silver-based alloys on digital video discs. Williams sought discovery of three letters listed on Target's privilege log. The letters consisted of correspondence between two law firms hired by Target and the president of Target. Williams brought a motion to compel production, arguing that Target waived the attorney-client privilege with respect to the letters by, inter alia,

stating in a sales letter "I also asked my patent attorney to conduct a search in the U.S. patent literature, and no potential infringement was found." A magistrate judge held that the privilege was not waived and denied the motion to compel. On Williams's motion for review of the magistrate judge's order, the district court determined that Target had waived the privilege and ordered Target to produce the letters. Target filed a petition for a writ of mandamus, and this court temporarily stayed the district court's order pending a ruling on the mandamus petition.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed.Cir.1985).

Target argues that the district court erred in determining that the statement in the sales letter concerning patentability and infringement waived the attorney-client privilege because the statement did not reveal a significant part of the actual attorney-client communications. Further, Target argues that the district court misapplied the "fairness doctrine," which prohibits a privilege holder from disclosing portions of privileged communications and withholding other portions. Target argues that the fairness doctrine applies only to statements made in judicial proceedings; because its sales letter was an extrajudicial disclosure and because Target is not relying on it to establish a claim or defense, Target contends that the fairness doctrine does not apply.

Williams counters that the district court's ruling was correct because extrajudicial disclosures constitute a waiver of privilege. Further, Williams argues that Target has not met its burden of showing that the district court clearly abused its discretion or usurped judicial power.

When a district court's ruling concerning waiver of the attorney-client privilege does not involve issues unique to patent law, we apply the law of the regional circuit, in this case the Ninth Circuit. *See In re Regents of Univ. of Cal.*, 101 F.3d 1386, 1390 n. 2 (Fed.Cir.1996). The Ninth Circuit case that is most persuasive is *United States v. Mendelsohn*, 896 F.2d 1183 (9th Cir.1990). In that case, a defendant initially told a detective that his attorney said selling a computer program was legal, and later told the detective that his attorney said he did not know what would happen if the defendant sold the program interstate. The district court found that these statements effected a waiver of the attorney-client privilege and permitted the defendant's attorney to testify concerning his advice about selling the program in other states. The Ninth Circuit upheld the district court's finding of waiver, stating "[w]e agree with the district court that Mendelsohn's [the defendant] statement to Felix [the detective] constituted a limited waiver of the attorney-client privilege." *Id.* at 1188–89.

In this case, as in *Mendelsohn*, the district court found waiver based on an extra-

judicial disclosure that revealed the attorney's conclusion, but did not reveal the details of the privileged communication. Accordingly, while the district court did not err when holding that the disclosure made in the sales letter constitutes a waiver of the attorney-client privilege, the scope of the waiver is necessarily limited. When ordering production in light of the waiver, the district court should therefore ensure that its order is limited to the subject matter of the disclosure. *See Mendelsohn*, 896 F.2d at 1189 (distinguishing Mendelsohn's case from those in which the waiver was "urged as a ground for opening a much larger field" because the district court limited the scope of the required production); *United States v. Jacobs*, 117 F.3d 82, 90 & n. 5 (2d Cir.1997) (holding that privilege was waived as to specific attorney-client communications, but that all matters that were not "mere elaborations" of the material disclosed were still privileged and should be excluded or redacted); *In re Grand Jury Proceedings*, 78 F.3d 251, 256 (6th Cir.1996) (limiting the scope of the required testimony to communications that "clearly pertain to the subject matter of the specific points on which a waiver [occurred]"). We assume that the district court will make certain that material falling outside the scope of the waiver will not be required to be produced. In light of the district court's analysis and the principles that apply to the scope of the compelled disclosure, we hold that Target has failed to clearly and indisputably demonstrate that the district court erred in finding a waiver of the attorney-client privilege.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is denied.

(2) The temporary stay of the district court's August 8 order is lifted.