**In re ANTICANCER, INC., Petitioner.**

**Misc. No. 838.**

United States Court of Appeals,
Federal Circuit.

Nov. 30, 2006.

Before MAYER, LOURIE, and PROST, Circuit Judges.

### ORDER

MAYER, Circuit Judge.

AntiCancer, Inc. petitions for a writ of mandamus to direct the United States District Court for the Southern District of California to vacate its order that prohibited transfer of "tainted files" from AntiCancer's disqualified former counsel to AntiCancer's new counsel.

AntiCancer sued Xenogen Corporation and Stanford University in the district court. AntiCancer alleges that Xenogen infringes AntiCancer's patents and that one of Stanford's patents is invalid due to obviousness. The district court found that one of AntiCancer's attorneys and her law firm violated various ethical rules, e.g., representing adverse interests. The district court disqualified AntiCancer's counsel.

Stanford moved to prohibit the transfer of files from AntiCancer's disqualified counsel to AntiCancer's new counsel. The district court granted the motion and found "all work in possession of [counsel] relating to this action to be tainted, including all materials prepared for the petition for reexamination of Stanford's patent." The district court ordered that disqualified counsel provide to the court, and not to new counsel, all material prepared by dis-

qualified counsel. The district court ordered that AntiCancer and its new counsel are "restrained from obtaining or reviewing the file history of the reexamination of the Stanford '135 patent."

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In re Cordis Corp.,* 769 F.2d 733, 737 (Fed.Cir.1985).

AntiCancer has not met its burden of showing that it has no other means of attaining the relief desired. The rulings that AntiCancer seeks to challenge can be challenged on appeal from a final judgment, if necessary.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.