NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 844

IN RE MEDIATEK, INC.,

Petitioner.

ON PETITION FOR WRIT OF MANDAMUS

Before BRYSON, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PROST, <u>Circuit Judge</u>.

<u>O R D E R</u>

MediaTek, Inc. petitions for a writ of mandamus to direct the United States District Court for the Central District of California to vacate its orders requiring production of certain attorney-client communications that MediaTek asserts are privileged.  In the alternative, MediaTek moves to defer resolution of this petition pending disposition of <u>In re Seagate Technology, LLC</u>, Misc. 830.  Sanyo Electric Co., Ltd. opposes.

Sanyo sued MediaTek et al. for infringement of Sanyo's patents related to CD-ROM chips.  MediaTek chose to rely on advice of counsel to defend the willfulness charge.  MediaTek provided opinions from counsel related to the allegedly infringing chips.  MediaTek resisted efforts to produce additional opinions it received from counsel that MediaTek asserted were not relevant.  Specifically, MediaTek asserted that the advice in the additional opinions, although it concerned the patents in suit, related to different chips or to chip designs that were not implemented.  MediaTek also asserted that the opinions did not address the invalidity of the patents.

Sanyo moved to compel production of the opinions. The magistrate judge found, based upon deposition testimony, that the scope of the opinions related to infringement and/or invalidity of the patents in suit and ordered that they be produced. The magistrate judge stated that, if MediaTek believes that the documents are not relevant, the proper procedure to raise such an objection is by filing a motion in limine. On review, the district court denied MediaTek's motion for reversal of the magistrate judge's order. The district court said there was no error in the magistrate judge's factual finding that MediaTek's counsel had admitted that the additional opinions concerned infringement and/or invalidity of the patents in suit.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." In re Cordis Corp., 769 F.2d 733, 737 (Fed. Cir. 1985).

MediaTek asserts that it does not rely on the additional opinions, that the additional opinions do not concern the accused products, and that requiring production of the additional opinions would chill design-around attempts. These arguments do not rise to the level required for us to consider granting mandamus. For example, whether or not MediaTek chose to rely on the additional opinions in this case, in determining whether infringement is willful, the court considers the totality of the circumstances

concerning the alleged infringer's state of mind. Additionally, we note that design-around attempts may in some circumstances be relevant to a willfulness determination. See, e.g., Rolls-Royce Limited v. GTE Valeron Corp., 800 F.2d 1101, 1109-10 (Fed. Cir. 1986); SRI Int'l, Inc. v. Advanced Tech. Labs., 127 F.3d 1462 (Fed. Cir. 1997); Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc., 246 F.3d 1336 (Fed. Cir. 2001). MediaTek has not shown a clear and indisputable right to mandamus and thus its petition for a writ of mandamus is denied.

Accordingly,

IT IS ORDERED THAT:

(1)     The petition for a writ of mandamus is denied.

(2)     The alternative motion to defer resolution of the petition is denied.

FOR THE COURT


      March 27, 2007              /s/ Sharon Prost
            Date                          Sharon Prost
                                          Circuit Judge

cc:     James C. Otteson, Esq.
        Patricia A. Martone, Esq.

s8