In re: DENSO CORPORATION and
Denso International America,
Inc., Petitioners.

Misc. No. 863.

United States Court of Appeals,
Federal Circuit.

Jan. 22, 2008.

Before MICHEL, Chief Judge,
LOURIE and RADER, Circuit Judges.

*ORDER*

LOURIE, Circuit Judge.

Denso Corporation and Denso Interna-
tional America, Inc. petition for a writ of
mandamus to direct the United States Dis-
trict Court for the Eastern District of
Michigan to (1) withdraw its order trans-
ferring No. 07–CV–12462 to the United
States District Court for the Central Dis-
trict of California and (2) enter an order
denying the motion to transfer. Honey-
well International, Inc. opposes.

Denso filed a declaratory judgment ac-
tion against Honeywell in the Eastern Dis-
trict of Michigan on June 8, 2007 (the
"Michigan action"). Previously, on May
29, 2007, Alpine Electronics, Inc. and Al-
pine Electronics of America, Inc. (Alpine),
filed a declaratory judgment action against
Honeywell in the Central District of Cali-
fornia (the "California action"). On July
30, 2007, Honeywell filed an answer to
Alpine's complaint and filed a third-party
complaint against Denso in the California
action.

Honeywell then filed a motion to dismiss
the Michigan action or, alternatively, to

transfer the Michigan action to the Central District of California. The Michigan court determined that the California action involved all six patents that were involved in the Michigan action and thus there were common issues relating to claim construction and validity involved in the two actions. Based on the common issues, the Michigan court determined that there was a potential for inconsistent results if the two actions proceeded separately in different courts. The Michigan court determined that the California action was filed first and on that basis the Michigan action should be transferred pursuant to 28 U.S.C. § 1404(a) to the California court. Denso seeks a petition for a writ of mandamus directing the Michigan court to vacate its transfer order and enter an order denying the motion to transfer.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In re Cordis Corp.,* 769 F.2d 733, 737 (Fed.Cir.1985). In reviewing a district court's ruling on a motion to transfer pursuant to § 1404(a), we apply the law of the regional circuit, in this case the Sixth Circuit. *See Storage Tech. Corp. v. Cisco Sys., Inc.,* 329 F.3d 823, 836 (Fed.Cir.2003).

The Sixth Circuit reviews a district court's decision whether to transfer pursuant to section 1404(a) for abuse of discretion. *See Zomba Enter., Inc. v. Panorama Records, Inc.,* 491 F.3d 574, 588 (6th Cir.2007). "Where a matter is committed to [the trial court's] discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Because Denso challenges the district court's exercise of its discretion, it cannot show that its right to a particular result is clear and indisputable. *Allied Chem.,* 449 U.S. at 35, 101 S.Ct. 188. Thus, we are not convinced that Denso has satisfied the difficult burden of showing that it has a clear and indisputable right to issuance of a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.