ON PETITION FOR WRIT OF MANDAMUS
MAYER, Circuit Judge.

ORDER

Nissim Corp. petitions for a writ of mandamus directing the United States District Court for the Southern District of Florida to vacate its order that transferred the underlying case to the United States District Court for the Central District of California and to direct the California district *992 court to retransfer the case to the Florida district court.
In the Florida district court, Nissim sued Time Warner Inc., Warner Bros. Entertainment Inc., Warner Home Video Inc. (now known as Warner Home Entertainment Inc.) and New Line Home Entertainment Inc. (collectively Time Warner) for patent infringement. Time Warner moved to transfer the action to the California district court pursuant to 28 U.S.C. § 1404(a) (district court may transfer an action for the convenience of the parties). The district court granted the motion, determining, inter alia, that the majority of key witnesses and documents are located within the Central District of California, that the action could have been brought in the Central District of California, and that most of the alleged wrongful activity occurred in that district.
After the case was transferred to the California district court, Nissim moved to retransfer the action to the Florida district court. The California district court denied the motion to retransfer.
The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is “clear and indisputable,” Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). A court may deny mandamus relief “even though on normal appeal, a court might find reversible error.” In re Cordis Corp., 769 F.2d 733, 737 (Fed.Cir.1985).
In addition to general disagreement with the district court’s factual determinations, Nissim argues, inter alia, that the Florida district court should not have transferred the case to the California district court because that is not a district in which the plaintiff has minimum contacts sufficient to establish personal jurisdiction over the plaintiff.
In reviewing a district court’s ruling on a motion to transfer pursuant to § 1404(a), we apply the law of the regional circuit. See Storage Tech. Corp. v. Cisco Sys., Inc., 329 F.3d 823, 836 (Fed.Cir.2003). Although Nissim expressly challenges the decisions of both the Florida district court and the California district court, perhaps implicating the law of the Eleventh Circuit and the Ninth Circuit, we note that in any event both circuits review a district court’s decision whether to transfer pursuant to section 1404(a) for an abuse of discretion. See Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir.1991) (“Absent a clear abuse of discretion, an appellate court will not reverse a court’s decision to transfer a case.”); Sparling v. Hoffman Const. Co., Inc., 864 F.2d 635, 639 (9th Cir.1988) (review of district court’s decision to transfer is for abuse of discretion); Commodity Futures Trading Comm’n v. Savage, 611 F.2d 270, 279 (9th Cir.1979) (“Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.”). In the papers submitted, Nissim has not demonstrated a clear and indisputable abuse of discretion and thus has not met its burden to obtain a writ of mandamus.
Accordingly,
IT IS ORDERED THAT:
The petition for a writ of mandamus is denied.