ON PETITION FOR WRIT OF MANDAMUS
RADER, Circuit Judge.

ORDER

Diagnostics Systems Corporation (DSC) petitions for a writ of mandamus directing the United States District Court for the Central District of California to vacate the portion of its August 12, 2008 order compelling production of certain documents and materials that Diagnostic Systems considers privileged and confidential. NetScout Systems, Inc. opposes. DSC moves for leave to file a reply. NetScout opposes.
This petition for a writ of mandamus involves a business that acquires, licenses, and enforces patented technology. That company, DSC, seeks to withhold various documents under the attorney-client privilege and work-product doctrine. The district court appointed a special master to review the attorney client and work product privileges asserted by DSC for more than 1,300 documents. The special master reviewed the documents in camera and, in his report and recommendation, determined that more than 550 of those documents should be produced. The parties filed objections and the district court judge stated 'that he reviewed, in camera, the documents that related to those objections.
The district court expressly disagreed with the special master’s recommendations regarding a few of the documents. The district court ordered DSC to turn over approximately 550 documents that DSC had withheld under the attorney-client privilege and/or work-product doctrine. The district court stated, inter alia, that it upheld “the distinction drawn by the Special Master between documents created when DSC employees were functioning primarily as attorneys representing DSC and documents created when the DSC employees were functioning primarily in the capacity of corporate executives furthering the business goals of DSC.” DSC’s management team included five attorneys, and the special master and the district court noted that those employees served various functions, business and/or legal. The district court held that “[i]n those instances where DSC has failed to make a clear showing that the primary purpose of the communication was securing legal advice, the assertion of the privilege is overturned.”
DSC challenges, in this petition for a writ of mandamus, the district court’s determinations concerning only 70 documents. We temporarily stayed the district court’s order pending our review of this petition.
The remedy of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of providing that it has no other means of obtaining the relief desired, Mallard v. U.S. Dist. Court, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is “clear and indisputable,” Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). A court may deny mandamus relief “even though on normal appeal, a court might find reversible error.” In re Cordis Corp., 769 F.2d 733, 737 (Fed.Cir.1985).
In sum, DSC fails to meet the difficult burden to obtain the extraordinary relief of mandamus. As noted above, the district court held that “where DSC has failed to make a clear showing that the primary purpose of the communication was secur *623 ing legal advice, the assertion of the privilege is overturned.” Before this court, DSC raises various general assertions of error, often based on its own characterization of its evidence, or based upon broad assertions of law. DSC often provides little context regarding the disputed documents and expressly requests that this court “undertake a detailed review of the record.” In the few instances in which DSC raises a distinct point about a particular document, DSC has not shown the type of clear error by the district court that would warrant mandamus relief.
This is not a case that presents a controlling-question whether a patent holding company can ever assert privilege or the work product doctrine; indeed, the district court recognized that for a majority of the disputed documents, the attorney-client privilege or the work-product doctrine applied. Instead, the case turns on whether DSC met its burden to establish privilege for each of the documents remaining in dispute. The district court and the special master reviewed the documents in camera. We decline to review such documents de novo absent a persuasive showing of clear error.
DSC also contends that nearly all of the communications in dispute are not discoverable because they were made during DSC’s Rule 11 pre-filing investigation. The district court held that DSC had not proven that the communications were made during a pre-filing investigation, and DSC has not shown clear and indisputable error in that determination.
DSC also argues that the district court erred in determining what documents should be protected by the work product privilege by narrowly interpreting when DSC anticipated litigation. DSC failed to convince the district court, which spent considerable time reviewing the documents, that the disputed documents were prepared in anticipation of litigation. Again, DSC has failed to meet its burden of establishing a clear and indisputable error in that regard.
We have considered DSC’s other arguments and find them unpersuasive. Thus, we deny the petition for a writ of mandamus.
Accordingly,
IT IS ORDERED THAT:
(1) The petition for a writ of mandamus is denied.
(2) The motion for leave to file a reply is granted.
(3) The temporary stay of the district court’s order is lifted.
/s/ Randall R. Rader Randall R. Rader, Circuit Judge