.NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE VERTICAL COMPUTER SYSTEMS, INC.,
*Petitioner.*

---

Miscellaneous Docket No. 985

---

On Petition for a Writ of Mandamus to the United States District Court for the Northern District of California in case no. 10-CV-4645, Judge Richard Seeborg.

---

## ON PETITION

---

Before BRYSON, LINN, and PROST, *Circuit Judges.*

PROST, *Circuit Judge.*

## ORDER

Vertical Computer Systems, Inc. seeks a writ of mandamus directing the United States District Court for the Northern District of California to vacate its May 2, 2001 order denying Vertical's renewed motion to transfer the case to the District Court for the Eastern District of Texas and remand with instructions to transfer the case. Interwoven, Inc. opposes. Vertical replies.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In re Cordis Corp.,* 769 F.2d 733, 737 (Fed. Cir. 1985).

In January 2009, Vertical sent a letter to Interwoven relating to one of Vertical's patents at issue, and two months later, the parties met for licensing discussions. No action was taken again until August 2010, when Vertical sent another letter to Interwoven to renew discussions, this time concerning that patent and an additional application. In response, Interwoven filed a declaratory judgment action regarding the two patents in the Northern District of California in October 2010. The next month, Vertical filed a complaint against Interwoven and other defendants in the Eastern District of Texas. The Eastern District of Texas transferred the portion of the action against Interwoven to the Northern District of California. Vertical argues that this court should eschew the first-to-file rule in favor of its complaint in Texas.

The general rule favors the first-filed action. *Genentech, Inc. v. Eli Lilly & Co.,* 998 F.2d 931, 937 (Fed. Cir. 1993). Vertical argues that Interwoven's declaratory judgment action is merely an anticipatory filing and should not be given priority. While the race to the courthouse is one factor to consider, the court also considers other factors such as the convenience and availability of

the witnesses, possibility of consolidation with related litigation, and considerations relating to the real party in interest. *See Genentech,* 998 F.2d at 938.

Vertical has not demonstrated that it is entitled to a writ. Vertical has not demonstrated that the district court is clearly and indisputably incorrect. The district court properly considered all of the relevant factors. Indeed, Vertical does not seek mandamus to direct the Northern District of California to dismiss the first-filed action, but seeks only transfer. Concerning the factors other than whether the filing was premature, although Vertical is based in Austin, it does employ at least one corporate director in the Northern District of California. The Northern District of California district court also concluded that judicial economy would not be compromised because the case that will proceed in the Eastern District of Texas against the other defendants involves significantly different products and issues.

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.

FOR THE COURT

AUG 1 7 2011
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Bijal V. Vakil, Esq.
Vasilios D. Dossas, Esq.
Clerk, United States District Court for the Northern District of California

s24

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 1 7 2011

JAN HORBALY
CLERK