NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE SDI TECHNOLOGIES, INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 105

---

On Petition for Writ of Mandamus to the United States District Court for the District of Massachusetts in case no. 09-CV-11439, Judge William G. Young.

---

Before NEWMAN, LINN, and REYNA, *Circuit Judges*.

LINN, Circuit *Judge*.

## ORDER

SDI Technologies, Inc. (SDI) petitions for a writ of mandamus to direct the United States District Court for the District of Massachusetts to vacate its September 12, 2011 order and direct the district court to stay proceedings pending the conclusion of the reexamination of U.S. Patent No. 7,277,765 (the '765 patent). Respondent Bose Corporation (Bose) opposes.

This petition arises out of a complaint filed by Bose at the District Court for the District of Massachusetts charging SDI, Imation Corporation, Memorex Products, Inc., 3XM Consulting, LLC, and DPI, Inc. with infringement of

the '765 patent. The case was originally assigned to Judge Patti B. Saris. A few months after the complaint was brought, several of the defendants filed an inter parties request for reexamination of the '765 patent at the U.S. Patent and Trademark Office (PTO). Once the PTO decided to grant the request, Judge Saris agreed to grant the defendants' motion for a stay of proceedings as long as PTO proceedings were not taking too long.

On February 25, 2011—approximately a year after the stay went into effect—the case was reassigned to Judge William G. Young. During a scheduling conference the next month, Judge Young took up a previously submitted request by Bose to lift the stay based on the length of time of the PTO's proceedings. During the conference, Judge Young explained that he did not intend to allow the broad stay to remain in place, but offered to continue the stay until resolution of summary judgment motions based at least in part on the prior art before the PTO on reexamination.

On April 18, 2011, the defendants moved for summary judgment of invalidity. On July 5, 2011, after reviewing the motion and response and after conducting a hearing on the matter, Judge Young denied the motion for summary judgment. The defendants thereafter sought to continue the stay, which was denied by the court on September 12, 2011. This petition followed.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). A court may deny mandamus relief "even though

on normal appeal, a court might find reversible error." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).

SDI has not, in the papers submitted to this court, met the exacting standard required for mandamus. Even the cases relied upon by SDI make clear that a motion to stay an action pending the resolution of a related matter in the PTO is directed to the sound discretion of the district court, *see, e.g., K.G. Motors, Inc. v. Specialized Bicycle Components, Inc.*, No. 08-6422, 2009 WL 2179129 at \*2 (W.D.N.Y. July 22, 2009), and SDI fails to provide any authority that would demonstrate a clear and undisputable right to relief here. Additionally, that a petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a basis for a court to grant mandamus. *See United States v. Watson*, 66 C.C.P.A. 107, 603 F.2d 192, 196-97 (1979). *Cf. Federal Trade Comm'n v. Standard Oil Co.*, 449 U.S. 232, 244 (1980) (expenses and burdens of defending action do not constitute irreparable harm). The petition is therefore denied.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

| | |
|---|---|
| **JAN 1 2 2012** | /s/ Jan Horbaly |
| Date | Jan Horbaly |
| | Clerk |

cc: Matthew B. Lowrie, Esq.
    Mark J. Herbert, Esq.
    Clerk, United States District Court For The District
Of Massachusetts

s20

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 1 2 2012

JAN HORBALY
CLERK