NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE HOME PRODUCTS INTERNATIONAL, INC.,
*Petitioner.*

---

Miscellaneous Docket No. 127

---

On Petition for Writ of Mandamus to the United States Court of International Trade in case no. 08-00094, Judge Leo M. Gordon.

---

## ON PETITION

---

Before PROST, MAYER and REYNA, *Circuit Judges.*

PROST, *Circuit Judge.*

## O R D E R

Home Products International, Inc. petitions for a writ of mandamus to direct the United States Court of International Trade to grant its motion for reconsideration and vacate its stay of the underlying case. The United States and Since Hardware (Guangzhou) Co., Ltd. oppose the petition.

The underlying case involves the second administrative review of the antidumping order relating to certain ironing tables from the People's Republic of China. On December 15, 2011, the court sua sponte stayed proceedings in the case pending final disposition in litigation involving the third administrative review of the same products before another judge. Home Products moved the court to reconsider and vacate its stay order. The court has not yet acted on that motion.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).

The decision to stay proceedings is within the sound discretion of the trial court. *See Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). Home Products has not, in its papers submitted to this court, met the exacting standard required for mandamus. We note, however, that an unreasonably long delay in the related litigation or ruling on Home Products' motion to reconsider and vacate the stay might tip the balance in favor of mandamus relief upon reapplication in the future. *See id.* ("The trial court's discretion is not, however, without bounds.").

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.

FOR THE COURT

AUG 1 0 2012
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Frederick L. Ikenson, Esq.
     Carrie A. Dunsmore, Esq.
     William E. Perry, Esq.
     Clerk, United States Court of International Trade

s24

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 1 0 2012

JAN HORBALY
CLERK