In re INTELLECTUAL VENTURES I LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures Management, LLC, Intellectual Ventures II LLC, Petitioners.

No. 2016–113.

United States Court of Appeals, Federal Circuit.

March 10, 2016.

Before TARANTO, CHEN, and HUGHES, Circuit Judges.

## ON PETITION

HUGHES, Circuit Judge.

## ORDER

Intellectual Ventures I LLC et al. ("Intellectual Ventures") petition for writ of mandamus to direct the United States District Court for the District of Maryland to vacate its January 14, 2016 order and dismiss the antitrust claims filed by Capital One Financial Corp. et al. ("Capital One") on the basis of issue preclusion.

Intellectual Ventures argued below that Capital One cannot advance its antitrust counterclaims because of issue preclusion. Specifically, Intellectual Ventures argued that the United States District Court for the Eastern District of Virginia had finally determined that Capital One's proposed market is one on which the antitrust claims cannot depend. The Maryland court held that the factual allegations raised in Capital One's counterclaims differed from those asserted before the Virginia court and that Capital One had adequately stated a plausible claim for relief under the antitrust laws. As such, it rejected Intellectual Ventures' issue preclusion arguments, allowing the antitrust claims to proceed.

The remedy of mandamus is available only in "exceptional" situations to correct a "clear abuse of discretion or usurpation of judicial power" by a trial court. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir. 1988). A party seeking a writ bears the burden of proving that it has no "adequate alternative" to obtain the same relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978) (internal quotation marks omitted). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed.Cir.1985).

Intellectual Ventures has not shown why the issues raised are appropriate for mandamus relief and why it cannot raise any of the asserted challenges to the district court's order on appeal. Intellectual Ventures instead largely points to the cost and inconvenience of discovery, which are generally insufficient to warrant mandamus relief. *See Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953) ("it is established that the extraordinary writs cannot be used as substitutes for appeals ... even though hardship may result from delay and perhaps unnecessary trial") (citations omitted). We, therefore, deny the petition.

Accordingly,

It Is Ordered That:

The petition is denied.